UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JOHN WAITE, an individual; JOE ELY, an                      :
individual, and on behalf of all others similarly           :  No. 1:19-cv-01091(LAK)
situated,                                                   :
                                                            :
                            Plaintiffs,                     :
                                                            :
              v.                                            :
                                                            :
UMG RECORDINGS, INC., a Delaware                            :
corporation, and DOES 1 through 10,                         :
                                                            :
                            Defendants.                     :
------------------------------------------------------------X

## DECLARATION OF ROLLIN A. RANSOM IN SUPPORT OF DEFENDANT UMG RECORDINGS, INC.'S MOTION TO DISMISS THE COMPLAINT

I, Rollin A. Ransom, declare and state, pursuant to 28 U.S.C. § 1746 and Local Civil Rule 1.9 of the United States District Courts for the Southern and Eastern Districts of New York, that the following is true and correct:

1. I am an attorney at law, duly licensed and entitled to practice in the States of California, New York, and Illinois. I am a partner at Sidley Austin LLP ("Sidley"), and an attorney for Defendant UMG Recordings, Inc. ("UMG"). I submit this declaration in support of UMG's Motion to Dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. If called upon to testify as a witness, I would testify as to the following:

2. In deciding a Rule 12 motion, the Court may properly consider "the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). Where a complaint is based on an agreement, "the Court will consider the [a]greement as a part of the

1

[c]omplaint." *Helprin v. Harcourt*, 277 F. Supp. 2d 327, 331 (S.D.N.Y. 2003); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153-54 (2d Cir. 2002) (noting that recording contracts are integral to a copyright claim and thus were properly incorporated by reference on a motion to dismiss).

3. As explained in UMG's Motion to Dismiss, Plaintiffs' termination notices failed to include a "brief statement reasonably identifying the grant to which the notice of termination applies" and a "clear identification" of the "date of execution of the grant being terminated," as required by 37 C.F.R. §§ 201.10(b)(2)(iii), (v), and are therefore invalid. UMG nonetheless endeavored to identify the agreements that were the subject of those notices, as set forth in the response letters that Plaintiffs included as part of their Complaint. *See* Compl. Exs. B, D. As set forth below, each of those agreements is referenced in such letters and therefore incorporated by reference in the Complaint for purposes of UMG's motion to dismiss.

4. The Complaint states that "Waite, through a loan-out company, entered into a recording agreement with Chrysalis Records, Inc., a predecessor to UMG, in or about November 1981." *Id*. at ¶ 25. Attached hereto as **Exhibit A** is a true and correct copy of a November 1, 1981 Agreement between Heavy Waite, Inc. and Chrysalis Records, Inc. ("1981 Agreement"), which I am informed and believe is the 1981 Agreement referenced in paragraph 25 of the Complaint, and which is further referenced in Exhibit B to the Complaint.

5. The Complaint states that "[i]n September 1983, Waite, through another loan-out company, entered into another agreement with Capitol." *Id*. at ¶ 25. Attached hereto as **Exhibit B** is a true and correct copy of a September 22, 1983 Agreement between Moonwalk Music, Inc. and EMI America Records, a division of Capitol Records, Inc. ("1983 Agreement"), which I am informed and believe is the 1983 Agreement referenced in paragraph 25 of the Complaint, and

which is further referenced in Exhibit B to the Complaint.

6. The Complaint states that "[i]n July 1985, Waite, through another loan-out company, entered into another agreement with Capitol." *Id*. at ¶ 25. Attached hereto as **Exhibit C** is a true and correct copy of a July 4, 1985 Agreement between Diamond Stripe, Inc., Anonymous Music, Inc. ("1985 Agreement"), as successor-in-interest to Moonwalk Music, Inc. and EMI America Records, a division of Capitol Records, Inc., which I am informed and believe is the 1985 Agreement referenced in paragraph 25 of the Complaint, and which is further referenced in Exhibit B to the Complaint..

7. The Complaint states that "Ely entered into a recording agreement with MCA Records, Inc., a predecessor of UMG, in 1976." *Id*. at ¶ 36. Attached hereto as **Exhibit D** is a true and correct copy of an August 26, 1976 Agreement between Joe Ely and MCA Records, Inc. ("1976 Agreement"), which I am informed and believe is the 1976 Agreement referenced in paragraph 36 of the Complaint, and which is further referenced in Exhibit D to the Complaint.

8. Attached hereto as **Exhibit E** is a true and correct copy of a July 13, 1979 Agreement between South Coast Records, Inc. and MCA Records, Inc. ("1979 Agreement"), which is referenced in Exhibit D to the Complaint.

9. Attached hereto as **Exhibit F** is a true and correct copy of a July 1, 1980 Agreement between Joe Ely and South Coast Records, Inc., which is referenced in Exhibit D to the Complaint.

10. Attached hereto as **Exhibit G** is a true and correct copy of a July 1, 1980 Amendment to the 1979 Agreement, which is referenced in Exhibit D to the Complaint.

11. Attached hereto as **Exhibit H** is a true and correct copy of relevant excerpts of the Copyright Law Revision Part 6, Supplementary Report of the Register of Copyrights on the

General Revision of the U.S. Copyright Law: 1965 Revision Bill.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on May 3, 2019, at Los Angeles California.

                                                                  */s/ Rollin A. Ransom*
                                                                  Rollin A. Ransom