UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

JOHN WAITE, an individual; JOE ELY, an
individual; KASIM SULTON, an individual;
SUSAN STRAW HARRIS p/k/a SYD STRAW,
an individual; LEONARD GRAVES PHILLIPS,
an individual, STAN SOBOL a/k/a STAN LEE,
an individual, and ISRAEL CABALLERO, an
individual; and on behalf of all others similarly
situated,

                          Plaintiffs,

                v.

UMG RECORDINGS, INC., a Delaware
corporation doing business as Universal Music
Group, and DOES 1 through 10,

                      Defendants.

-------------------------------------------------------------X

No. 1:19-cv-01091(LAK)

**[~~PROPOSED~~] STIPULATED
CONFIDENTIALITY AGREEMENT
AND PROTECTIVE ORDER**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: _JAN 1 3 2020_

HON. LEWIS A. KAPLAN, District Judge:

      WHEREAS, this matter having come before the Court by stipulation of Plaintiffs John

Waite, Joe Ely, Kasim Sulton, Susan Straw Harris, Leonard Phillips, Stan Sobol, and Israel

Caballero (each individually a "Plaintiff," and collectively "Plaintiffs") and Defendant UMG

Recordings, Inc. (together with Plaintiffs, each individually a "Party" and collectively "Parties")

for the entry of a protective order limiting the review, copying, dissemination, and filing of

confidential and/or proprietary documents and information to be produced by any Party and their

respective counsel or by any non-party in the course of discovery in this matter, and in any

related matters that may arise in the future, to the extent set forth below; and the Parties, by,

between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this litigation;

IT IS HEREBY ORDERED that the Parties to this litigation, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.     This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the Parties, and as appropriate, non-parties, agree merit confidential treatment (hereinafter the "Discovery Material"). It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Nothing in this Stipulated Confidentiality Agreement and Protective Order shall be interpreted or construed as restricting a Party's right to seek penalties or sanctions for any bad faith designation of information as confidential.

2.     Nothing in this Stipulated Confidentiality Agreement and Protective Order shall be interpreted or construed as changing any burden of proof or persuasion with respect to any confidentiality designation or burden with respect to any sealing request.

3.     With respect to the Discovery Material, any Party or, as appropriate, non-party, may designate Discovery Material provided in connection with this litigation as

2

"Confidential" or "Confidential – ATTORNEYS' EYES ONLY," either by notation on each page of the document so designated, statement on the record of the deposition, or written advice to the respective undersigned counsel for the Parties hereto, or by other appropriate means.

4.     As used herein:

(a).     "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as confidential in good faith, if such Discovery Material contains non-public proprietary business information, non-public personally identifiable information, or any other category of information given "Confidential" status by this Court after the date of this Order.

(b).     "Confidential – ATTORNEYS' EYES ONLY Information" shall mean all Discovery Material, and all information contained therein, and other information designated as Confidential – ATTORNEYS' EYES ONLY, if such material qualifies as Confidential Information and contains or refers to trade secret(s) or is otherwise commercially sensitive, the disclosure of which to another party would create risk of competitive or other injury, and cannot be protected by less restrictive means.

(c).     "Producing Party" shall mean the Parties to this litigation and any non-parties producing "Confidential Information" or "Confidential – ATTORNEYS' EYES ONLY Information" in connection with depositions, document production, subpoenas or otherwise, or the Party or non-party asserting the confidentiality privilege, as the case may be.

(d).     "Receiving Party" shall mean the Parties to this litigation and/or any non-party receiving "Confidential Information" or "Confidential – ATTORNEYS' EYES ONLY Information" in connection with depositions, document production, subpoenas or otherwise.

3

5.      With respect to Discovery Material that a Party or person has designated as Confidential or Confidential– ATTORNEYS' EYES ONLY pursuant to this Order, no Party or person subject to this Order may disclose such protected Discovery Material to anyone except as expressly permitted hereunder.

6.      The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of a document or other material as Confidential or Confidential– ATTORNEYS' EYES ONLY, provided that the Receiving Party must identify with specificity the document or other material that is the subject of the challenge and the particularized basis for such challenge as to each such document or other material. If the Producing Party does not agree to declassify such document or material within fourteen (14) business days of the written request, the Receiving Party may move before the Court for an order declassifying those documents or materials. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information unless and until the Court rules otherwise. Notwithstanding anything herein to the contrary, the Producing Party bears the burden of establishing the propriety of its designation of documents or information as Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information.

7.      If at any time before the termination of this litigation a Producing Party realizes that it should have designated as Confidential or Confidential – ATTORNEYS' EYES ONLY some portion(s) of Discovery Material that it previously produced without such designation, the Producing Party may so designate such material by notifying all Parties in

4

writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Confidential – ATTORNEYS' EYES ONLY, as appropriate. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the Confidential or Confidential – ATTORNEYS' EYES ONLY designation within five (5) business days of providing such notice.

8.      Nothing contained in this Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9.      Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a).    the Parties, including directors, officers, and employees of the Parties, who have been advised of their obligations hereunder;

(b).    counsel (including without limitation in-house counsel) for the Parties to this litigation and their associated attorneys, paralegals, and other professional and non-professional personnel (including support staff and outside copying services) who are directly assisting such counsel in the preparation of this litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c).    persons not employed by or otherwise affiliated with any of the Parties who are retained by or on behalf of any of the attorneys of record in this litigation solely to assist them in the preparation of this case for trial (including, but not limited to, independent

5

accountants, statisticians, economists, consultants, expert witnesses and other experts); provided

however, that such persons shall not be a competitor or an employee, contractor, or consultant of

a competitor of the other Party, and any Confidential Information is furnished, shown or

disclosed in accordance with paragraph 12 hereof; and provided, further, however, that in no

event shall Confidential Information be shared with any attorney (including without limitation

any attorney who is serving as a putative consulting expert) who is neither in-house counsel nor

outside counsel of record for such Party in this litigation. A "competitor" is a person or entity

(other than the Parties or their affiliates) endeavoring to engage in the same or similar lines of

business, provide the same or similar services, sell the same or similar products, and/or operate

in the same markets, as well as persons or entities who are actually engaged in any such

activities;

        (d).     the Court and court personnel;

        (e).     an officer before whom a deposition is taken, including

stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

        (f).     trial and deposition witnesses and their counsel;

        (g).     any person indicated on the face of a document or accompanying

cover letter, email, or other communication to be the author, addressee, or an actual recipient of

the document, or, in the case of meeting minutes and presentations, an attendee of the meeting;

and

        (h).     any other person agreed to by the Producing Party.

        10.     The provisions of this Stipulation, including all usage, dissemination, and

disclosure limitations, shall be applicable to Confidential– ATTORNEYS' EYES ONLY

Information in the same manner as Confidential Information, except notwithstanding any other

6

provision of this Stipulation, no disclosure of Confidential – ATTORNEYS' EYES ONLY Information may be made to any Party. For purposes of this paragraph, a Party's in-house counsel and the paralegals and support personnel working for such in-house counsel do not constitute a Party. Disclosure to a Party's in-house counsel shall be limited to those counsel providing legal advice in connection with this matter and any related matters that may arise in the future, and Confidential – ATTORNEYS' EYES ONLY Information disclosed to in-house counsel and not previously known to in-house counsel may not be used for any business or other purpose unrelated to the prosecution or defense of this litigation. Confidential – ATTORNEYS' EYES ONLY Information may not be disclosed to any other officers, directors, employees, or agents of a Party, including other in-house counsel not connected to this matter. Nothing in this paragraph shall preclude counsel from giving advice to his or her client in this litigation that includes a general evaluation of Confidential – ATTORNEYS' EYES ONLY Information, provided that counsel shall not disclose the contents of any Confidential – ATTORNEYS' EYES ONLY Information contrary to the terms of this Stipulation.

11.     Confidential Information and Confidential – ATTORNEYS' EYES ONLY Information shall be utilized only for purposes of this litigation and for no other purposes. This Stipulation has no effect upon, and shall not apply to a Producing Party's use of its own Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information for any purpose.

12.     Before any disclosure of Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information is made to an expert witness or consultant, counsel for the Receiving Party making such disclosure shall provide to the expert witness or consultant a copy of this Stipulation and obtain the expert's or consultant's written agreement, in the form

7

of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Receiving Party obtaining the certificate shall supply a copy to counsel for the other Parties at the time designated for expert disclosure, except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

13.    All Party depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of seven (7) business days after a final transcript of said deposition is received by counsel for each of the Parties. At or before the end of such seven (7) business day period, the deposition shall be treated in accordance with its designation.

14.    Should the need arise for any Party or, as appropriate, non-party, to disclose Confidential – ATTORNEYS' EYES ONLY Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party or, as appropriate, non-party may do so only after advising the Producing Party of its intention to do so and taking such steps as the Court, upon request of the Producing Party, shall deem necessary to preserve the confidentiality of such Confidential – ATTORNEYS' EYES ONLY Information.

15.    This Stipulation shall not preclude counsel for any Party from using during any deposition in this litigation any Discovery Material which has been designated as "Confidential Information" or as "Confidential – ATTORNEYS' EYES ONLY Information" under the terms hereof. Any deposition witness who is given access to Confidential or Confidential – ATTORNEYS' EYES ONLY Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute a written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the Party obtaining the certificate shall supply a copy to counsel for the other Parties and, as appropriate, a non-party that is a

8

Producing Party. In the event that, upon being presented with a copy of the Stipulation, a witness refuses to execute the agreement to be bound by this Stipulation, the Court shall, upon application, enter an order directing the witness's compliance with the Stipulation.

16. A Party may designate as Confidential or Confidential – ATTORNEYS' EYES ONLY Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents produced by a non-party, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) business days after actual receipt of copies of those documents by counsel for the Party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel on the record at the deposition or in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) business days after the final transcript is received by counsel for the Party (or, as appropriate, non-party) asserting the confidentiality. Prior to the expiration of such fifteen (15) business day period for documents or fifteen (15) business day period for testimony (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents and testimony shall be treated as Confidential – ATTORNEYS' EYES ONLY Information.

17. A Party or, as appropriate, non-party, who seeks to file with the Court (i) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information, or (ii) any pleading, brief or memorandum which reproduces, paraphrases, or discloses Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information shall file the document, pleading,

9

brief, or memorandum on the ECF system in redacted form until the Court renders a decision on any motion to seal (the "Redacted Filing"). If the Producing Party fails to move to seal within seven (7) business days of the Redacted Filing, the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version.

18.     In the event that the Party's (or, as appropriate, non-party's) filing includes Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information produced by a Producing Party that is a non-party, the filing Party shall so notify that Producing Party within twenty-four (24) hours after the Redacted Filing by providing the Producing Party with a copy of the Redacted Filing as well as a version of the filing with the relevant Producing Party's Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information unredacted.

19.     If the Producing Party makes a timely motion to seal, and the motion is granted, the filing Party (or, as appropriate, non-party) shall ensure that all documents (or, if directed by the Court, portions of documents) that are the subject of the order to seal are filed in accordance with the procedures that govern the filing of sealed documents on the ECF system. If the Producing Party's timely motion to seal is denied, then the Party (or, as appropriate, non-party) making the filing shall take steps to replace the Redacted Filing with its corresponding unredacted version. Any Party filing a Redacted Filing in accordance with the procedure set forth in this paragraph shall, contemporaneously with or prior to making the Redacted Filing, provide counsel for the other Parties and the Court with a complete and unredacted version of the filing.

10

20.     This Order authorizing the filing of certain materials under seal is provisional in that it may be vacated or modified, in whole or in part, at any time for good cause shown upon the motion of any party (or any other person with a recognized interest as to such matters), or by the Court upon its own motion.

21.     All pleadings, briefs, or memoranda which reproduce, paraphrase, or disclose any materials which have previously been designated by a Party as comprising or containing Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information shall identify such documents by the production number ascribed to them at the time of production.

22.     Any person receiving Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information so as to prevent unauthorized disclosure.

23.     Any document or information that may contain Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information that has been produced without designation as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" as provided in this Stipulation, may be so designated by the Party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY" within a reasonable time following the discovery that the document or information has been produced without such designation. Upon receiving such supplemental notice, the Parties shall thereafter treat the materials so designated as Confidential Information or Confidential – ATTORNEYS'

11

EYES ONLY Information, and such materials shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information. In addition, upon receiving such supplemental written notice, any Receiving Party that disclosed the materials before its designation as Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information shall exercise its reasonable best efforts (i) to ensure the return or destruction of such material by any person not authorized to receive the Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information under the terms of this Stipulation, (ii) to ensure that any documents or other work product derived from such materials are treated as if they had been designated as Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information when originally produced, (iii) to ensure that such materials are not further disclosed except in accordance with the terms of this Stipulation, and (iv) to ensure that any such materials, and any information derived therefrom, are used solely for the purposes described in this Stipulation.

24. Extracts and summaries of Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information shall also be treated as Confidential or Confidential – ATTORNEYS' EYES ONLY in accordance with the provisions of this Stipulation.

25. The production or disclosure of Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information shall in no way constitute a waiver of each Producing Party's right to object to the production or disclosure of other information in this litigation or in any other litigation. Nothing in this Stipulation shall operate as an admission by any Party or

12

non-party that any particular document or information is, or is not, confidential. Failure to challenge a Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information designation shall not preclude a subsequent challenge thereto.

26.     If, during the course of discovery in this matter, a Producing Party discloses privileged or work product information ("Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Information and its subject matter. Consistent with Federal Rule of Evidence 502(d), a disclosure of a privileged or protected item does not constitute a waiver for purposes of this litigation or any other Federal or State proceeding. This Order does not affect or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege, protection, law, or regulation.

27.     A Producing Party may claw back Discovery Material that it produced in the following manner:

> (a).     In order to claw back Discovery Material protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity that was produced, the Producing Party must provide notice in writing to the Receiving Party specifying the production number of the documents or a detailed reference to the testimony it wishes to claw back and the basis of the claim of attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity relied upon in support of its request.

13

(b).      Upon receiving such notice from a Producing Party, the Receiving Party

shall promptly undertake reasonable efforts to return to the Producing Party or

destroy all copies or summaries of such Discovery Material, shall provide notice

in writing that the Receiving Party has undertaken reasonable efforts to return or

destroy such Discovery Material, and shall not use such Discovery Material for

any purpose until further order of the Court. Such return or destruction and

certification must occur within ten (10) business days of receipt of the request.

The return of any Discovery Material to the Producing Party shall not in any way

preclude the Receiving Party from moving the Court for a ruling that the

Discovery Material are not privileged; however, the Receiving Party may not

assert as a basis for the relief it seeks the fact or circumstance that such privileged

Discovery Material have already been produced. Allegedly privileged documents

shall remain protected against disclosure and use during the pendency of any

dispute over their status.

28.      If, during a deposition, a Producing Party claims that a document being

used in the deposition is subject to attorney-client privilege, work product doctrine, and/or any

other applicable privilege or immunity, it may at its sole election (i) allow the document to be

used in that deposition without waiver of its claim of privilege or work product protection, or

(ii) instruct the witness not to answer questions concerning the document pending a prompt

resolution of any disagreement concerning the document's privileged or work product protected

status. If the Party allows the examination concerning the document to proceed on a non-waiver

basis, the Parties shall sequester all copies of the purportedly privileged or work product

protected document. Immediately following the deposition, the Parties will commence the

14

procedure outlined in the preceding subparagraphs to address the claim of privilege or other protection, including the notice requirement set forth above. Until the dispute is resolved, the Parties and any other persons who have access to the transcript of such deposition shall treat that transcript as Confidential – ATTORNEYS' EYES ONLY Information. If any Party instructs the witness not to answer questions concerning the document, the Parties will then cooperate in promptly submitting the issue of the document's status to the Court. If the document is ultimately determined not to be privileged or subject to other protection, the Party or entity asserting the claim of privilege will be responsible for ensuring that the deposing Party is given an opportunity to depose the witness about the document, which shall be at the earliest practicable time for the Parties, the witness, and their counsel.

29.     This Stipulation is entered into without prejudice to the right of any Party or non-party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

30.     This Stipulation shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal or are subject to a further Court order); and (b) a Receiving Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation.

31.     Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

15

32.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information produced or designated and all reproductions thereof shall be returned to the Producing Party or, at the Receiving Party's option, shall be destroyed. In the event that any Receiving Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken a good faith reasonable effort to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. For purposes of this paragraph, good faith reasonable efforts to return or destroy material need not include destroying materials residing on back-up tapes or other disaster recovery systems, so long as the person who has received such materials maintains their confidentiality. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable rules of professional conduct.

33.     If a Receiving Party is called upon to produce Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, the Receiving Party from which the Confidential Information or Confidential – ATTORNEYS' EYES ONLY Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party no less than five (5) business days to object to the production of such Confidential Information or Confidential – ATTORNEYS'

16

EYES ONLY Information, if the Producing Party so desires. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring any Party to this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

34.     This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

35.     The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

36.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original, and electronic signatures shall be deemed original signatures.

37.     This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

17

SO STIPULATED AND AGREED.

_Ryan E. Cronin_
Roy W. Arnold (*Pro Hac Vice*)
Gregory M. Bordo (*Pro Hac Vice*)
David M. Perry (*Pro Hac Vice*)
BLANK ROME LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000

Evan S. Cohen (*Pro Hac Vice*)
Maryann R. Marzano (*Pro Hac Vice*)
COHEN MUSIC LAW
1180 South Beverly Drive, Suite 510
Los Angeles, CA 90035-1157
Telephone: (310) 556-9800

*Attorneys for Plaintiffs*

Steven M. Bierman
sbierman@sidley.com
Melanie Berdecia
mberdecia@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Rollin A. Ransom
rransom@sidley.com
Lisa M. Gilford
lgilford@sidley.com
Adriane Peralta (*Pro Hac Vice*)
adriane.peralta@sidley.com
Lauren M. De Lilly (*Pro Hac Vice*)
ldelilly@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Richard S. Mandel
rsm@cll.com
Thomas Kjellberg
txk@cll.com
COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone: (212) 790-9200
Facsimile: (212) 575-0671

*Attorneys for Defendant UMG Recordings, Inc.*

Notwithstanding anything to the contrary herein:

1. Any person filed under seal in this action shall be made part of the public record or else unless the Court otherwise directs.
1/13/2025

2. Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who requested the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court appropriately makes an individualized determination of the existence of good cause for each.

Dated: 1/13/2020

_Lewis A. Kaplan_
United States District Judge

Dated: January 10, 2020

Dated: January 9, 2020

SO ORDERED.

Dated:
New York, New York

_____
HONORABLE LEWIS A. KAPLAN
United States District Court Judge

**Exhibit A**
To Stipulated Confidentiality
Agreement and Protective Order

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

JOHN WAITE, an individual; JOE ELY, an
individual; KASIM SULTON, an individual;
SUSAN STRAW HARRIS p/k/a SYD STRAW,
an individual; LEONARD GRAVES PHILLIPS,
an individual, STAN SOBOL a/k/a STAN LEE,
an individual, and ISRAEL CABALLERO, an
individual; and on behalf of all others similarly
situated,

               Plaintiffs,

               v.

UMG RECORDINGS, INC., a Delaware
corporation doing business as Universal Music
Group, and DOES 1 through 10,

               Defendants.

-------------------------------------------------------------- X

No. 1:19-cv-01091(LAK)

\

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand

the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") in this

litigation governing the non-disclosure of those portions of Discovery Material that has been

designated as "Confidential" or "Confidential – ATTORNEYS' EYES ONLY." I agree that I

will not disclose such "Confidential" or "Confidential – ATTORNEYS' EYES ONLY"

Discovery Material to anyone other than for purposes of this litigation and in accordance with

the requirements of this Protective Order, and that at the conclusion of the litigation, I will either

destroy all discovery information or return all discovery information to the Party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

1

understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Name: _____
Title:
Address:
Date: