UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                      :

JOHN WAITE, an individual; JOE ELY, an       :
individual; KASIM SULTON, an individual;    :
SUSAN STRAW HARRIS p/k/a SYD STRAW,  :
an individual; LEONARD GRAVES PHILLIPS,  :
an individual; STAN SOBOL a/k/a STAN LEE,  :
an individual; and ISRAEL CABALLERO, an   :
individual; and on behalf of all others similarly  :
situated,                                     :

                    Plaintiffs,     :

                              :
              v.                     :
                              :

UMG RECORDINGS, INC., a Delaware        :
corporation doing business as Universal Music  :
Group, and DOES 1 through 10,           :

                      :
                 Defendants.    :
------------------------------------------------------------X

No. 1:19-cv-01091(LAK)

**ANSWER OF DEFENDANT UMG**
**RECORDINGS, INC. TO FIRST**
**AMENDED COMLAINT**

Defendant UMG Recordings, Inc. ("UMG"), by and through its undersigned counsel, for

its Answer with respect to those claims in the Class Action First Amended Complaint (the

"Amended Complaint") not dismissed by this Court's Memorandum Opinion, dated March 31,

2020, states as follows:

1.      States that the allegations set forth in Paragraph 1 of the Amended Complaint

assert legal conclusions for which no response is required, but to the extent that a response is

required, states that it lacks knowledge or information sufficient to form a belief about the truth

of those allegations and refers to the statutes cited therein for their true and complete contents.

2.      States that the allegations set forth in Paragraph 2 of the Amended Complaint

assert legal conclusions for which no response is required, but to the extent that a response is

required, states that it lacks knowledge or information sufficient to form a belief about the truth of those allegations, and refers to the Congressional Record and statute cited therein for their true and complete contents.

3.     States that the allegations set forth in Paragraph 3 of the Amended Complaint assert legal conclusions for which no response is required, but to the extent that a response is required, states that it lacks knowledge or information sufficient to form a belief about the truth of those allegations, except that it denies that UMG has engaged in the "stubborn and unfounded disregard" of artists' rights and/or "willful copyright infringement."

4.     Denies the allegations set forth in Paragraph 4 of the Amended Complaint, except admits that plaintiffs caused certain putative notices of termination to be served upon "Universal Music Group."

5.     Denies the allegations set forth in Paragraph 5 of the Amended Complaint, except admits that plaintiffs purport to bring this action on the basis and for the relief alleged therein.

6.     States that no response is required with respect to the allegations set forth in Paragraph 6 of the Amended Complaint, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff John Waite.

7.     States that no response is required with respect to the allegations set forth in Paragraph 7 of the Amended Complaint, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff Joe Ely.

8.     States that it lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 of the Amended Complaint.

9.     States that no response is required with respect to the allegations set forth in Paragraph 9 of the Amended Complaint, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff Susan Straw Harris.

10.     States that no response is required with respect to the allegations set forth in Paragraph 10 of the Amended Complaint, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff Leonard Graves Phillips.

11.     States that no response is required with respect to the allegations set forth in Paragraph 11 of the Amended Complaint, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff Stan Sobol.

12.     States that no response is required with respect to the allegations set forth in Paragraph 12 of the Amended Complaint, in light of the Court's Memorandum Order, dated March 31, 2020, dismissing the claims asserted by plaintiff Israel Caballero.

13.     Denies the allegations set forth in Paragraph 13 of the Amended Complaint, except admits that UMG is a Delaware corporation having its principal place of business and corporate headquarters in Santa Monica, California; that UMG also maintains an office at 1755 Broadway, New York City, New York; that UMG is one of the world's leading music companies engaged in the business of recorded music; that UMG's labels include Island Records, Def Jam Recordings, Republic Records, Decca Records, and Motown Records, and that the first four of those are based in New York; that UMG is the successor-in-interest to A&M Records, Inc.; and that UMG was formerly named PolyGram Records, Inc.

14.     States that the allegations set forth in Paragraph 14 of the Amended Complaint assert legal conclusions for which no response is required, but to the extent that a response is

required, states that it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

15.     States that the allegations set forth in Paragraph 15 of the Amended Complaint assert legal conclusions for which no response is required, but to the extent that a response is required, states that it lacks knowledge or information sufficient to form a belief about the truth of those allegations.

16.     States that the allegations set forth in Paragraph 16 of the Amended Complaint assert legal conclusions for which no response is required, but to the extent that a response is required, admits that plaintiffs purport to bring this action on the basis and for the relief alleged therein.

17.     Admits the allegation set forth in Paragraph 17 of the Amended Complaint.

18.     States that no response is required with respect to the allegations set forth in Paragraph 18 of the Complaint in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing plaintiffs' claim for a declaratory judgment.

19.     Denies the allegations set forth in Paragraph 19 of the Amended Complaint, except admits that venue is proper in this District pursuant to 28 U.S.C. §1400(a).

20.     Denies the allegations set forth in Paragraph 20 of the Amended Complaint, except admits that plaintiffs have brought this action as a purported class action pursuant to Fed. R. Civ. Proc. 23.

21.     Denies the allegations set forth in Paragraph 21 of the Amended Complaint.

22.     Denies the allegations set forth in Paragraph 22 of the Amended Complaint.

23.     Denies the allegations set forth in Paragraph 23 of the Amended Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Amended Complaint.

25.      Denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26.      Denies the allegations set forth in Paragraph 26 of the Amended Complaint.

27.      Denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28.      For its response to Paragraph 28 of the Amended Complaint, repeats and incorporates its responses to Paragraphs 1 through 27, as though fully set forth herein.

29.      Denies the allegations set forth in Paragraph 29 of the Amended Complaint, except admits that Notices of Termination may be served as provided in Section 203 of the Copyright Act, and refers to that statute for its true and complete contents.

30 through 41.    For its responses to the allegations set forth in Paragraphs 30 through 41 of the Amended Complaint, states that no response is required, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff John Waite.

42 through 51.    For its responses to the allegations set forth in Paragraphs 42 through 51 of the Amended Complaint, states that no response is required, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing the claims asserted by plaintiff Joe Ely.

52.      Denies the allegation set forth in Paragraph 52 of the Amended Complaint, except admits that Sulton entered into a recording agreement with EMI America Records, Inc. on or about September 29, 1980, and that an album entitled *Kasim* was released thereafter.

53.      Denies the allegations set forth in Paragraph 53 of the Amended Complaint, except admits that the proof of service attached to the Amended Complaint as Exhibit E states that Sulton caused a notice of termination to be served upon "Universal Music Group" on July 20, 2016 and that the Certificate of Recordation attached to the Amended Complaint as Exhibit E

5

states that the document was recorded on July 25, 2016 in Volume 9924 as Document Number 803 in the United States Copyright Office.

54.     Denies the allegations set forth in Paragraph 54 of the Amended Complaint.

55.     Denies the allegations set forth in Paragraph 55 of the Amended Complaint, and states that the letter attached to the Amended Complaint as Exhibit F states that it is from counsel for Capitol Records, LLC, formerly known as Capitol Records, Inc. and the content of the letter speaks for itself.

56.     Denies the allegations set forth in Paragraph 56 of the Amended Complaint.

57.     Denies the allegations set forth in Paragraph 57 of the Amended Complaint.

58.     Denies the allegations set forth in Paragraph 58 of the Amended Complaint.

59.     States that the allegations set forth in Paragraph 59 of the Amended Complaint assert legal conclusions for which no response is required, and refers to Section 106 of the Copyright Act for its true and complete contents.

60.     Denies the allegations set forth in Paragraph 60 of the Amended Complaint.

61.     Denies the allegations set forth in Paragraph 61 of the Amended Complaint.

62.     Denies the allegations set forth in Paragraph 62 of the Amended Complaint.

63.     Denies the allegations set forth in Paragraph 63 of the Amended Complaint.

64.     Denies the allegations set forth in Paragraph 64 of the Amended Complaint.

65.     Denies the allegations set forth in Paragraph 65 of the Amended Complaint.

66.     Denies the allegations set forth in Paragraph 66 of the Amended Complaint.

67 through 86.     For its responses to Paragraphs 67 through 86 of the Amended Complaint, states that no response is required, in light of the Court's Memorandum Opinion, dated March 31, 2020, dismissing plaintiffs' claims for declaratory relief.

## AFFIRMATIVE DEFENSES

UMG asserts the following defenses and reserves all rights to assert such other and additional defenses as may be appropriate at a later time.  In asserting these defenses, UMG does not assume any burden of proof or persuasion with respect to any issue where the applicable law places such burden upon plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, by the terms of the agreements at issue.

### THIRD AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class, and/or the relief that plaintiffs seek, are barred, in whole or in part, by the doctrine of equitable estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against UMG are barred, in whole or in part, because certain plaintiffs improperly name UMG as a defendant, whereas UMG is not a party to the contracts at issue with respect to those plaintiffs, owes no contractual obligations to those plaintiffs, and is not the owner or successor-in-interest to any copyrights challenged by those plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because they have not appropriately pled, shown, nor proven adequate standing for the relief sought, and thereby the Court lacks jurisdiction over the subject matter of plaintiffs' claims.

## SIXTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, by the statute of limitations set forth in 17 U.S.C. § 507(b).

## SEVENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, due to the failure to properly serve UMG with the Notice of Termination that purportedly underlies such claim(s).

## EIGHTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, due to the failure to timely record with the Copyright Office the Notice of Termination that purportedly underlies such claim(s).

## NINTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, because the putative grant identified in the Notice of Termination that purportedly underlies such claim(s) was executed before January 1, 1978.

## TENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, because the Notice of Termination that purportedly underlies such claim(s) fails to include required information, including without limitation information required pursuant to 17 U.S.C. § 203 and/or 37 C.F.R. § 201.10.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, because the Notice of Termination that purportedly underlies such claim(s) was not executed by the number and/or identity of persons required by 17 U.S.C. § 203.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, because the Notice of Termination that purportedly underlies such claim(s) does not comply with the timing requirements of 17 U.S.C. § 203(a)(3) & (4).

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of plaintiffs and/or members of the putative class are barred, in whole or in part, because even if any such person made a direct grant, as an author, to UMG or a predecessor or licensor of UMG of copyright rights in such person's contribution to a given sound recording, and even if such person validly terminated such grant, to the extent that UMG or its predecessor or licensor was a joint author of such sound recording, or received an independent grant of copyright rights from a joint author or co-owner of such sound recording, UMG remains a co-owner or licensee of the U.S. copyright in such sound recording.

## FOURTEENTH AFFIRMATIVE DEFENSE

The putative class action fails to meet the numerosity requirement of Fed. R. Civ. Proc. 23(a)(1).

## FIFTEENTH AFFIRMATIVE DEFENSE

The putative class action fails to meet the commonality requirement of Fed. R. Civ. Proc. 23(a)(2).

## SIXTEENTH AFFIRMATIVE DEFENSE

The putative class action fails to meet the typicality requirement of Fed. R. Civ. Proc. 23(a)(3).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and their counsel will not adequately and fairly protect the interests of the putative class, as required by Fed. R. Civ. P. 23(a)(4).

## EIGHTEENTH AFFIRMATIVE DEFENSE

The putative class lacks common questions of law or fact, as required by Fed. R. Civ. Proc. 23(b)(3).

## NINETEENTH AFFIRMATIVE DEFENSE

The putative class asserted in the Amended Complaint is inappropriate for class certification because common issues of law and fact do not predominate over individual issues.

## TWENTIETH AFFIRMATIVE DEFENSE

The putative class asserted in the Amended Complaint is inappropriate for class certification because a class action is not superior to other methods for fairly and efficiently adjudicating this controversy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The putative class asserted in the Amended Complaint is inappropriate for class certification because UMG has not acted or refused to act on grounds that apply generally to the class, and final injunctive relief is not appropriate respecting the class a whole.

## PRAYER FOR RELIEF

WHEREFORE, defendant UMG respectfully requests that the Court grant judgment in its favor and against plaintiffs on all claims asserted in the Amended Complaint and dismiss the Amended Complaint in its entirety with prejudice, award defendant its attorney's fees and costs of this action, and grant defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      April 30, 2020

SIDLEY AUSTIN LLP

By:   /s/ Steven M. Bierman
    Steven M. Bierman
    sbierman@sidley.com
    Melanie Berdecia
    mberdecia@sidley.com
    SIDLEY AUSTIN LLP
    787 Seventh Avenue
    New York, NY 10019
    Telephone: (212) 839-5300
    Facsimile: (212) 839-5599

    Rollin A. Ransom
    rransom@sidley.com
    Lisa M. Gilford
    lgilford@sidley.com
    Adriane Peralta
    adriane.peralta@sidley.com
    Lauren M. De Lilly
    ldelilly@sidley.com
    SIDLEY AUSTIN LLP
    555 West 5th Street, Suite 4000
    Los Angeles, CA 90013
    Telephone: (213) 896-6000
    Facsimile: (213) 896-6600

    Richard S. Mandel
    rsm@cll.com
    Thomas Kjellberg
    txk@cll.com
    COWAN, LIEBOWITZ & LATMAN, P.C.
    114 West 47th Street
    New York, NY 10036-1525
    Telephone:  (212) 790-9200
    Facsimile:  (212) 575-0671

    *Attorneys for Defendant UMG Recordings, Inc.*