UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                        :
JOHN WAITE, an individual; JOE ELY, an     :   No. 1:19-cv-01091(LAK)
individual; KASIM SULTON, an individual;  :
SUSAN STRAW HARRIS p/k/a SYD STRAW,  :  **DEFENDANT UMG RECORDINGS,**
an individual; LEONARD GRAVES PHILLIPS, :  **INC.'S RESPONSES AND**
an individual, STAN SOBOL a/k/a STAN LEE, :  **OBJECTIONS TO PLAINTIFFS'**
an individual, and ISRAEL CABALLERO, an  :  **FIRST SET OF INTERROGATORIES**
individual; and on behalf of all others similarly :
situated,                              :
                        :
              Plaintiffs,   :
                        :
           v.               :
                        :
UMG RECORDINGS, INC., a Delaware     :
corporation doing business as Universal Music :
Group, and DOES 1 through 10,        :
                        :
             Defendants.  :
                        :
-----------------------------------------------------------X

       Defendant UMG Recordings, Inc. ("UMG"), by and through its undersigned attorneys,

makes the following objections and responses to Plaintiffs' First Set of Interrogatories ("the

Interrogatories").

## <u>GENERAL OBJECTIONS</u>

       1.     UMG objects to the Interrogatories, and the Definitions and Instructions in the

Interrogatories, to the extent that they purport to impose requirements that are inconsistent

with, or beyond those contemplated by, the Federal Rules of Civil Procedure and the Local

Rules of the United States District Courts for the Southern and Eastern Districts of New York

(the "Local Rules").  In responding to the Interrogatories, UMG will construe and respond to

the Interrogatories in accordance with the requirements of the Federal Rules of Civil

Procedure and the Local Rules.

2.      UMG objects to the Interrogatories, and the Definitions and Instructions in the Interrogatories, and will not provide information in response, to the extent that they purport to seek information relating to contracts with, or recording artists who contracted with, an entity that is neither UMG nor a predecessor of UMG, on the grounds that they are overbroad, unduly burdensome, seek information that is not relevant to the parties' claims or defenses in this action, and are not proportional to the needs of this case, in that any claims respecting such contracts and artists fall outside of the scope of the First Amended Complaint (ECF No. 45).

3.      UMG objects to the Interrogatories, and the Definitions and Instructions in the Interrogatories, and will not provide information in response, to the extent that they seek information relating to artists who are not part of the putative class as framed by and in light of the Court's Memorandum Opinion on UMG's Motion to Dismiss the First Amended Complaint (ECF No. 68) (the "Opinion"), entered on March 31, 2020, which dismissed claims as to putative grants made by loan-out companies and other third parties, and dismissed plaintiffs' claim for declaratory relief, limiting this action to artists with a putative copyright infringement claim.  *See* ECF No. 68 at 16-17, 20.  Accordingly, UMG objects to the Interrogatories as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case because the Interrogatories seek information concerning artists that contracted with UMG through a loan-out or other third-party company and artists who do not presently have a putative copyright infringement claim, and such artists are excluded from the putative class as framed by and in light of the Opinion.

4.      UMG objects to the Interrogatories to the extent that they are compound, and therefore improper in form, insofar as individual Interrogatories seek information regarding multiple topics or individuals, and/or contain discrete subparts.  Several of the Interrogatories ask multiple questions subsumed into one.  The number of Interrogatories in this set therefore exceeds the number permitted by Federal Rule of Civil Procedure 33(a)(1).  As such, Plaintiffs will be required to obtain leave of Court prior to serving UMG with any additional interrogatories.

5.      UMG objects to the Interrogatories, and the Definitions and Instructions in the Interrogatories, to the extent that they purport to require the disclosure of information or production or documents that are subject to any privilege, immunity, other doctrine against disclosure, or obligation of confidentiality, including, without limitation, the attorney-client privilege, the attorney work product doctrine, and the common interest privilege.  Specific objections on the grounds of privilege are provided herein for emphasis and clarity only, and the absence of a specific objection should not be interpreted as indicating that UMG does not object to an Interrogatory on the basis of any applicable privilege, immunity, other doctrine against disclosure, or obligation of confidentiality.

6.      Any inadvertent disclosure of any privileged information or document to Plaintiffs shall not be deemed or construed to constitute a waiver of any privilege, any other doctrine against disclosure, or UMG's right to object to the use of any information or document inadvertently disclosed.  UMG reserves the right to demand that Plaintiffs return any document inadvertently produced.  UMG has not waived any applicable privilege or other doctrine against disclosure and specifically states that it does not intend to do so through the production of any documents or information in response to the Interrogatories.  The review

and production of documents and information in response to the Interrogatories, if any, will be conducted by counsel or attorneys supervised by counsel, and thus any production of privileged documents or information would be inadvertent as to UMG.

7.      UMG objects to the Interrogatories to the extent that they seek disclosure of confidential financial information and/or personally identifiable information regarding putative Class Members without their prior consent.

8.      UMG objects to the definition of the term "Class Member" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the parties' claims and defenses in this action, and not proportional to the needs of the case in that it includes "any and all recording artists who have sent Notices of Termination to You with an effective date on or after January 1, 2013" without appropriate limitations in light of the Opinion.  In responding to the Interrogatories, UMG will construe the term "Class Member" to mean any recording artist (and statutory heirs and personal representatives of that recording artist, if applicable) that directly contracted with UMG or its predecessor, as to whom UMG has received a notice pursuant to § 203 of the Copyright Act purporting to terminate a putative grant of rights to UMG or its predecessor respecting one or more works for which the effective date of termination has passed, and who has a putative claim of copyright infringement against UMG in connection with such work(s) as of the date of these responses.  *See* ECF No. 68 at 16-17, 20.

9.      UMG objects to the definition of the term "Class Members' Works" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the parties' claims and defenses in this action, and not proportional to the needs of the case in that it includes "any sound recordings for which Class Members have sent Notices of Termination to You with an

effective date on or after January 1, 2013" without appropriate limitations in light of the Court's Opinion.  In responding to the Interrogatories, UMG will construe the term "Class Members' Works" to mean the sound recordings of Class Members, as UMG has construed that term above.

10.    UMG objects to the definition of the term "Effective Date of Termination" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the parties' claims and defenses in this action, and not proportional to the needs of the case in that it uses the term "Named Plaintiff" without definition or distinction from the defined term "Plaintiffs," and includes notices from artists that are outside the scope of this action as framed by and in light of the Opinion. *See* ECF No. 68 at 16-17; *see supra* Genl. Obj. Nos. 3, 8.  UMG further objects to the term "Effective Date of Termination" as assuming facts not in evidence to the extent it improperly assumes the effectiveness or validity of any Notice of Termination.  In responding to the Interrogatories, UMG will construe the term "Effective Date of Termination" to mean a purported termination date set forth in a Notice of Termination (as UMG has construed that term below) that passed on or before May 4, 2020, the date of these responses.

11.    UMG objects to the definition of "Plaintiffs' Works" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the parties' claims and defenses in this action, and not proportional to the needs of the case, and will not provide information in response, to the extent that it includes (a) sound recordings related to putative grants made by loan-out or other third-party companies as to Plaintiffs Waite and Ely, as the Court dismissed claims related to such grants, ECF No. 68 at 20; (b) sound recordings created pursuant to the 1976 Ely agreement, as to which the Court ruled Ely's termination notice "insufficient" and

5

"invalid," *id.* at 23-34; (c) the work *Hi-Res*, which is not referenced in the First Amended Complaint, and therefore, is not the subject of this action, *id.* at 3 n.5; (d) the work *Kasim*, which is outside of the scope of this action because it was recorded pursuant to an agreement between Plaintiff Kasim Sulton and EMI America Records, Inc., which is not a predecessor [or licensor?] of UMG; and (e) the work *Surprise*, which is outside the scope of this action in light of the Court's dismissal of Plaintiffs' declaratory relief claim, *id.* at 16-17.

12.     UMG objects to the definition of "Notice of Termination" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the parties' claims and defenses in this action, and not proportional to the needs of the case in that it includes notices that exceed the scope of this action, as framed by and in light of the Opinion.  ECF No. 68 at 16-17, 20; *see supra* Genl. Obj. Nos. 3, 8.  In responding to the Interrogatories, UMG will construe the term "Notice of Termination" to mean a purported notice pursuant to § 203 of the Copyright Act received by UMG as to a Class Member (as UMG has construed that term above).

13.     UMG objects to the definition of "You," Your" and "UMG" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of this case in that the definition includes UMG's parents, subsidiaries, and affiliates that are not defendants in this action, and persons and entities that are not authorized to act on behalf of UMG or its predecessors.  UMG further objects to this definition on the grounds that it is factually incorrect and assumes facts not in evidence in that it erroneously asserts that UMG has claimed Chrysalis Records, Inc. or Capital Records, LLC as predecessors-in-interest to UMG.   For purposes of these responses, UMG will construe the terms "You," "Your," and "UMG" to mean Defendant UMG Recordings, Inc. and its predecessors, and persons or entities authorized to act on their behalf.

14.     UMG's responses to the Interrogatories are based on its current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, and/or variations from the responses herein.  Without in any way obligating itself to do so, UMG expressly reserves the right to supplement, amend, correct, clarify, or modify the responses as further information becomes available to it.  UMG also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from these objections and responses as a result of mistake, error, oversight or inadvertence.

## SPECIFIC OBJECTIONS AND RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

Identify each and every document upon which You base Your contention, if any, that any of the Plaintiffs' Works are "works made for hire" under the United States Copyright Law.

### RESPONSE TO INTERROGATORY NO. 1:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "any of the Plaintiffs' Works," and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action.  *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11.  UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks information about documents supporting that each of the seven (7) named works featuring Plaintiffs' performances are "works made for hire," and

therefore, asks multiple Interrogatories subsumed into one.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  As to the works containing the performances of "The Dickies" associated with Plaintiffs Leonard Graves Phillips, Stan Sobol, and Israel Caballero, UMG identifies documents produced with Bates numbers UMG0000714 – UMG00763 and UMG0014965 – UMG0016016.  UMG has also made a compact disc of recordings containing performances of The Dickies available for inspection.  Furthermore, and without in any way obligating itself to do so, UMG expressly reserves the right to supplement, amend, correct, clarify, or modify this response as further information becomes available to it.  UMG also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from this response as a result of mistake, error, oversight or inadvertence.

**INTERROGATORY NO. 2**:

Identify each and every document upon which You base Your contention, if any, that any of the Class Members' Works are "works made for hire" under the United States Copyright Law.

**RESPONSE TO INTERROGATORY NO. 2**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous in that it seeks identification of "each and every document" supporting that "any of the Class Members' Works are 'works made for hire'" without any meaningful limitation, and without identifying with specificity the putative "Class Members' Works" that are the subject of the Interrogatory.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  As to the works containing the performances of "The

Dickies" associated with Plaintiffs Leonard Graves Phillips, Stan Sobol, and Israel Caballero, UMG incorporates by reference its response to Interrogatory No. 1 as if fully set forth herein. As to other putative Class Members and Class Members' Works, UMG is willing to meet and confer with Plaintiffs to discuss and reasonably limit the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 3**:

Identify each person with knowledge of the facts supporting Your contention, if any, that the Plaintiffs' Works were "works made for hire."

**RESPONSE TO INTERROGATORY NO. 3**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory. UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "the Plaintiffs' Works," and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action. *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11. UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks information about persons with knowledge that each of the seven (7) named works containing Plaintiffs' performances are "works made for hire," and therefore, asks multiple Interrogatories subsumed into one. UMG further objects to this Interrogatory to the extent it seeks identification of expert witnesses, on the ground that any such request is premature; UMG shall identify any expert witness in accordance with the schedule set

by the Court, as may be modified by agreement of the parties.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  Information responsive to this Interrogatory may be ascertained from documents produced in this action, and pursuant to Federal Rule of Civil Procedure 33(d), because the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for either party, as to the works containing performances of "The Dickies" associated with Plaintiffs Leonard Graves Phillips, Stan Sobol, and Israel Caballero, UMG identifies documents produced with Bates numbers UMG0000714 – UMG00763 and UMG0014965 – UMG0016016.  UMG has also made a compact disc of recordings containing performances of The Dickies available for inspection.  Furthermore, and without in any way obligating itself to do so, UMG expressly reserves the right to supplement, amend, correct, clarify, or modify this response as further information becomes available to it.  UMG also reserves the right to use or rely on, at any time, subsequently discovered information or information omitted from this response as a result of mistake, error, oversight or inadvertence.

**INTERROGATORY NO. 4**:

Identify each person with knowledge of the facts supporting Your contention, if any, that the Class Members' Works were "works made for hire."

**RESPONSE TO INTERROGATORY NO. 4**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous in that it seeks identification of "each person with knowledge of the facts supporting" that "the Class Members' Works were 'works made for hire'" without any meaningful limitation, and without identifying with specificity the putative

"Class Members' Works" that are the subject of the Interrogatory.  UMG also objects to this Interrogatory to the extent it seeks identification of expert witnesses, on the ground that any such request is premature; UMG shall identify any expert witness in accordance with the schedule set by the Court, as may be modified by agreement of the parties.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  As to the works containing performances of "The Dickies" associated with Plaintiffs Leonard Graves Phillips, Stan Sobol, and Israel Caballero, UMG incorporates by reference its response to Interrogatory No. 3 as if fully set forth herein.  As to other putative Class Members and Class Members' Works, UMG is willing to meet and confer with Plaintiffs to discuss and reasonably limit the scope of information sought by this Interrogatory.

**INTERROGATORY NO. 5**:

Identify each and every document upon which You base Your contention that any of the Plaintiffs was Your employee at the time of the recording of the Plaintiff's Works.

**RESPONSE TO INTERROGATORY NO. 5**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "any of the Plaintiffs" and Plaintiffs' Works, and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action.  *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3,

8, 11.  UMG further objects to this Interrogatory as vague and ambiguous in that it uses the term

"employee" without specifying the context.  For purposes of its response to this Interrogatory,

UMG will construe the term "employee" within the context of whether Plaintiffs constitute

employees for work-for-hire purposes with respect to the creation of the works at issue in this

action.  UMG further objects to this Interrogatory on the grounds that it is compound, and

therefore improper in form, insofar as it seeks information about documents supporting that each

of the seven (7) named Plaintiffs was an employee at the time of recording their performances,

and therefore, asks multiple Interrogatories subsumed into one.  UMG further objects to this

interrogatory as duplicative of and/or overlapping with Interrogatory No. 1.

Subject to and without waiver of these specific objections and the General Objections set

forth above, UMG responds as follows:  UMG incorporates by reference its response to

Interrogatory No. 1 as if fully set forth herein.

**INTERROGATORY NO. 6**:

Identify each and every document upon which You base Your contention, if any, that any

of the Class Members was Your employee at the time of the recording of the Class Member's

Works.

**RESPONSE TO INTERROGATORY NO. 6**:

UMG incorporates by reference each of the General Objections set forth above into its

specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly

burdensome, vague, and ambiguous in that it seeks identification of "each and every document"

supporting that "any of the Class Members" was an employee at the time of the recording of the

putative Class Members' Works without any meaningful limitation, without context, and without

identifying with specificity the putative "Class Members' Works" that are the subject of the

Interrogatory.  For purposes of its response to this Interrogatory, UMG will construe the term "employee" within the context of whether putative Class Members constitute employees for work-for-hire purposes with respect to the creation of putative Class Members' Works.  UMG further objects to this Interrogatory as duplicative of and/or overlapping with Interrogatory No. 2.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  UMG incorporates by reference its response to Interrogatory No. 2 as if fully set forth herein.

**INTERROGATORY NO. 7**:

Identify each person with knowledge of the facts supporting Your contention, if any, that any of the Plaintiffs was Your employee at time of the recording of the Plaintiff's Work.

**RESPONSE TO INTERROGATORY NO. 7**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "any of the Plaintiffs" and Plaintiffs' Works, and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action.  *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11.  UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks information about each person with knowledge supporting that each of the seven (7) named Plaintiffs was an employee at the time of recording

the Plaintiffs' Works, and therefore, asks multiple Interrogatories subsumed into one.  UMG

further objects to this Interrogatory to the extent it seeks identification of expert witnesses, on the

ground that any such request is premature; UMG shall identify any expert witness in accordance

with the schedule set by the Court, as may be modified by agreement of the parties.  UMG

further objects to this Interrogatory as duplicative of and/or overlapping with Interrogatory No.

3.

      Subject to and without waiver of these specific objections and the General Objections set

forth above, UMG responds as follows:  UMG incorporates by reference its response to

Interrogatory No. 3 as if fully set forth herein.

**INTERROGATORY NO. 8**:

      Identify each person with knowledge of the facts supporting Your contention, if any, that

any of the Class Members was Your employee at time of the recording of the Class Member's

Work.

**RESPONSE TO INTERROGATORY NO. 8**:

      UMG incorporates by reference each of the General Objections set forth above into its

specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly

burdensome, vague, and ambiguous in that it seeks identification of "each person with

knowledge of the facts supporting" that "any of the Class Members" was an employee at the time

of the recording of the Class Members' Works without any meaningful limitation, and without

identifying with specificity the putative "Class Members' Works" that are the subject of the

Interrogatory.  UMG further objects to this Interrogatory to the extent it seeks identification of

expert witnesses, on the ground that any such request is premature; UMG shall identify any

expert witness in accordance with the schedule set by the Court, as may be modified by

agreement of the parties.  UMG further objects to this Interrogatory as duplicative of and/or overlapping with Interrogatory No. 4.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  UMG incorporates by reference its response to Interrogatory No. 4 as if fully set forth herein.

**INTERROGATORY NO. 9**:

Identify each and every document upon which You base Your contention, if any, that any of Plaintiffs' Works are "specially ordered or commissioned" as the term is used in 17 U.S.C. § 101.

**RESPONSE TO INTERROGATORY NO. 9**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "any of the Plaintiffs' Works," and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action.  *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11.  UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks information about documents supporting that each of the seven (7) named Plaintiffs' Works are "'specially ordered or commissioned' as that term is used in 17 U.S.C. § 101," and therefore, asks multiple Interrogatories subsumed into one.  UMG further objects to this Interrogatory as duplicative of and/or overlapping with Interrogatory Nos.

1 and 5.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  UMG incorporates by reference its response to Interrogatory No. 1 as if fully set forth herein.

**INTERROGATORY NO. 10**:

Identify each and every document upon which You base Your contention, if any, that any of Class Members' Works are "specially ordered or commissioned" as the term is used in 17 U.S.C. § 101.

**RESPONSE TO INTERROGATORY NO. 10**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous in that it seeks identification of "each and every document" supporting that "any of the Class Members' Works are 'specially ordered or commissioned' as the term is used in 17 U.S.C. § 101" without any meaningful limitation, and without identifying with specificity the putative "Class Members' Works" that are the subject of the Interrogatory. UMG further objects to this Interrogatory as duplicative of and/or overlapping with Interrogatory Nos. 2 and 6.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  UMG incorporates by reference its response to Interrogatory No. 2 as if fully set forth herein.

**INTERROGATORY NO. 11**:

For each of the Plaintiffs' Works, respectively, identify separately and by reference to the Plaintiff and the particular Plaintiff's Work, the total amount of Revenue that You collected from

the exploitation of each particular Plaintiff's Work in the United States, its territories and possessions, from the Effective Date of Termination until the present.

**RESPONSE TO INTERROGATORY NO. 11**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory. UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "each of the Plaintiffs' Works," and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action. *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11. UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks information about documents reflecting the revenue associated with exploitation of each of the seven (7) named Plaintiffs' Works, and therefore, asks multiple Interrogatories subsumed into one.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows: Pursuant to Federal Rule of Civil Procedure 33(d) and because the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for either party, UMG will produce a report sufficient to show revenues, if any, associated with exploitation in the United States of recordings by The Dickies contained on the album entitled *Dawn of the Dickies* from September 13, 2019 to the date of such report, to the extent such information is in UMG's possession, custody, or control.

**INTERROGATORY NO. 12**:

For each of the Class Members' Works, respectively, identify separately and by reference to the Class Member and the particular Class Member's Work, the total amount of Revenue that You collected from the exploitation of each particular Class Member's Work in the United States, its territories and possessions, from the Effective Date of Termination until the present.

**RESPONSE TO INTERROGATORY NO. 12**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous in that it seeks "the total amount of Revenue that You collected from the exploitation of each particular Class Member's Work" without any meaningful limitation, and without identifying with specificity the putative "Class Members' Works" that are the subject of the Interrogatory.  UMG further objects to this Interrogatory on the ground that it seeks disclosure of confidential financial information and/or personally identifiable information regarding putative Class Members without their prior consent.

Subject to and without waiver of these specific objections and the General Objections set forth above, UMG responds as follows:  Pursuant to Federal Rule of Civil Procedure 33(d) and because the burden of deriving or ascertaining the answer to this Interrogatory will be substantially the same for either party, and subject to confidentiality objections of putative Class Members not presently represented by one or more of Plaintiffs' counsel in this action, UMG will produce reports sufficient to show revenues, if any, associated with exploitation in the United States of sound recordings embodying putative Class Members' performances identified in a Notice of Termination and for which the "Effective Date of Termination" passed on or before May 4, 2020, from the "Effective Date of Termination" of each such sound recording to

18

the date of such reports, to the extent such information is in UMG's possession, custody, or control.

**INTERROGATORY NO. 13**:

Identify each and every action, communication or directive undertaken by You before, on, or after the Effective Date of Termination, taking down, withdrawing or stopping the exploitation of any sound recordings that were the subject of a Notice of Termination served upon You by any Plaintiff.

**RESPONSE TO INTERROGATORY NO. 13**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses in this action, and not proportional to the needs of the case in that it seeks information concerning "any Plaintiff," and Plaintiffs John Waite, Kasim Sulton, and Susan Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action.  *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11. UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks information about documents reflecting actions taken by UMG regarding exploitation, withdrawal, or take downs of each of the seven (7) named Plaintiffs' Works, and therefore, asks multiple Interrogatories subsumed into one.  UMG further objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims or defenses, and not proportional to the needs of the case in that it seeks information about documents reflecting actions, communications, or directives taken "before" or "on" the

19

"Effective Date of Termination" to take down, withdraw, or stop the exploitation of any of the recordings containing Plaintiffs' performances, which lacks a meaningful limitation in time to only exploitation, withdrawal, or take downs occurring after any purported termination date for sound recordings containing Plaintiffs' performances.  UMG further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  UMG further objects to this Interrogatory on the grounds that it seeks information outside of the scope of Local Rule 33.3(a), which restricts interrogatories to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature," and is therefore improper.

**INTERROGATORY NO. 14**:

Identify each and every action, communication or directive undertaken by You before, on, or after the Effective Date of Termination, taking down, withdrawing or stopping the exploitation of any sound recordings that were the subject of a Notice of Termination served upon You by any Class Member.

**RESPONSE TO INTERROGATORY NO. 14**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous in that it seeks information about documents reflecting actions, communications, or directives taken "before" or "on" the "Effective Date of Termination" to take down, withdraw, or stop the exploitation of any sound recordings of

performances by putative Class Members, which lacks a meaningful limitation in time to only exploitation, withdrawal, or take downs occurring after any purported termination date for sound recordings containing performances by putative Class Members.  UMG further objects to this Interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.  UMG further objects to this Interrogatory on the grounds that it seeks information outside of the scope of Local Rule 33.3(a), which restricts interrogatories to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature," and is therefore improper.

**INTERROGATORY NO. 15**:

Identify each person who contacted, or communicated with, any Class Member or any Class Member's representative, on Your behalf with respect to any Notice of Termination since the filing of the Complaint.

**RESPONSE TO INTERROGATORY NO. 15**:

UMG incorporates by reference each of the General Objections set forth above into its specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly burdensome, vague, and ambiguous in that it seeks identification of "each person" who had any of the referenced contact or communication, without any meaningful limitation, including as to the frequency, scope, significance, timing, or outcome of such contact or communication.

Subject to and without waiver of the General Objections set forth above, UMG responds as follows:  The persons principally responsible for communications with a putative Class

Member or their representative with respect to a Notice of Termination since the filing of the
First Amended Complaint are as follows, though not every person identified in response to this
Interrogatory communicated with every putative Class Member or their representative:  Alasdair
McMullan, Anthony Gambol, Bob O'Neill, Chiara Genovese, Gladys Sanchez, John Ray, Lee
Knife, Todd Waxler, Richard Mandel, and Thomas Kjellberg.  Each of the individuals identified
herein may be contacted through counsel of record for UMG.  Furthermore, and without in any
way obligating itself to do so, UMG expressly reserves the right to supplement, amend, correct,
clarify, or modify this response as further information becomes available to it.  UMG also
reserves the right to use or rely on, at any time, subsequently discovered information or
information omitted from this response as a result of mistake, error, oversight or inadvertence.

**INTERROGATORY NO. 16**:

Identify each person who participated in or made any decision to refrain from complying
with the Effective Date of Termination with respect to any Notice of Termination sent to You by
any Plaintiff or Class Member.

**RESPONSE TO INTERROGATORY NO. 16**:

UMG incorporates by reference each of the General Objections set forth above into its
specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly
burdensome, vague, and ambiguous in that it seeks identification of "each person" who
"participated" in the referenced "decision," without any meaningful limitation, including as to
the frequency, scope, significance, timing, or outcome of such participation.  UMG further
objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims
or defenses in this action, and not proportional to the needs of the case in that it seeks
information concerning "any Plaintiff," and Plaintiffs John Waite, Kasim Sulton, and Susan

Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action. *See* ECF No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11.  UMG further objects to this Interrogatory on the grounds that it is compound, and therefore improper in form, insofar as it seeks the identities of individuals who participated in decisions concerning the recordings of each of the seven (7) named Plaintiffs and putative Class Members, and therefore, asks multiple Interrogatories subsumed into one.  UMG further objects to this Interrogatory as argumentative and assuming facts not in evidence in that it erroneously asserts that UMG "participated in or made any decision to refrain from complying with the Effective Date of Termination with respect to any Notice of Termination," improperly assumes the effectiveness or validity of any such Notice of Termination, and is in any event vague and ambiguous as what it means to "comply" with a "[d]ate."  UMG further objects to this Interrogatory on the grounds that, to the extent UMG understands it, it appears to be duplicative of Interrogatory No. 17.  UMG is willing to meet and confer with Plaintiffs to endeavor to understand the scope of information sought by this Interrogatory, to the extent it is different than the information sought in response to Interrogatory No. 17.

**INTERROGATORY NO. 17**:

Identify each person who participated in or made any decision to refrain from taking down, withdrawing or stopping the exploitation of any sound recording referenced in any Notice of Termination sent to You by any Plaintiff or Class Member.

**RESPONSE TO INTERROGATORY NO. 17**:

UMG incorporates by reference each of the General Objections set forth above into its

specific objections to this Interrogatory.  UMG objects to this Interrogatory as overbroad, unduly

burdensome, vague, and ambiguous in that it seeks identification of "each person" who

"participated" in the referenced "decision," without any meaningful limitation, including as to

the frequency, scope, significance, timing, or outcome of such participation.  UMG further

objects to this Interrogatory as overbroad, unduly burdensome, not relevant to the parties' claims

or defenses in this action, and not proportional to the needs of the case in that it seeks

information concerning "any Plaintiff," and Plaintiffs John Waite, Kasim Sulton, and Susan

Straw Harris entered into agreements with Capitol Records, LLC or its predecessor, which are

not predecessors of UMG; furthermore, in light of the Opinion, the claims of Plaintiffs John

Waite, Joe Ely, and Susan Straw Harris are no longer within the scope of this action.  *See* ECF

No. 68 at 16-17, 20; *supra* Genl. Obj. Nos. 3, 8, 11.  UMG further objects to this Interrogatory

on the grounds that it is compound, and therefore improper in form, insofar as it seeks the

identities of individuals who participated in decisions concerning the recordings of each of the

seven (7) named and putative Class Members, and therefore, asks multiple Interrogatories

subsumed into one.  UMG further objects to this Interrogatory as duplicative of and/or

overlapping with Interrogatory No. 16.  UMG further objects to this Interrogatory as

argumentative and assuming facts not in evidence in that it erroneously asserts that UMG

"participated in or made any decision to refrain from taking down, withdrawing or stopping the

exploitation of any sound recording referenced in any Notice of Termination sent . . . by any

Plaintiff or Class Member" and improperly assumes the effectiveness or validity of any such

Notice of Termination.

       Subject to and without waiver of these specific objections and the General Objections set

forth above, UMG responds as follows:  The persons principally involved in decisions respecting

Notices of Termination that UMG has received as to putative Class Members are identified in

response to Interrogatory No. 15 and also include Scott Bauman, though not every person

identified in response to this Interrogatory is involved in every such decision as to every putative

Class Member.


Dated:  May 4, 2020
New York, New York

SIDLEY AUSTIN LLP

By:____/s/ Steven M. Bierman_____
Steven M. Bierman
sbierman@sidley.com
Melanie Berdecia
mberdecia@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

Rollin A. Ransom
rransom@sidley.com
Lisa M. Gilford
lgilford@sidley.com
Adriane Peralta
adriane.peralta@sidley.com
Lauren M. De Lilly
ldelilly@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Richard S. Mandel
rsm@cll.com
Thomas Kjellberg
txk@cll.com

COWAN, LIEBOWITZ & LATMAN, P.C.
114 West 47th Street
New York, NY 10036-1525
Telephone:  (212) 790-9200
Facsimile:  (212) 575-0671

*Attorneys for Defendant UMG Recordings, Inc.*

## VERIFICATION

I, _Alasdair McMillan_ , declare:

I am ___SVP, Legal___ of UMG Recordings, Inc. ("UMG"), the Defendant in

the above-captioned action, and I am authorized to make this verification on UMG's behalf.

I have read the foregoing responses to Plaintiffs' First Set of Interrogatories to UMG, which

were prepared with the assistance of counsel, and know the contents thereof. To the best of my

knowledge, information, and belief, the matters and information in these responses are true and

accurate.

I declare under penalty of perjury under the laws of the United States of America and the

State of New York that the foregoing is true and correct.

Executed on the _4th_ day of May, 2020 at Los Angeles, California.

[Name]   Alasdair McMillan
[Title]   SVP, Legal
UMG Recordings, Inc.

27