UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
JOHN WAITE, etc., et al.,

                    Plaintiffs,

-against-                                                19-cv-1091 (LAK)

UMG RECORDINGS, INC., etc., at al.,

                    Defendants.
------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        One week prior to the parties' discovery deadline, plaintiffs moved to compel documents and discovery related to (1) defendant's position that the works at issue were "made for hire," (2) Capitol Records, LLC ("Capitol"), a non-party affiliate of defendant UMG, and (3) plaintiffs' claim for declaratory relief, which was dismissed in the Court's opinion granting in part and denying in part defendant's motion to dismiss [DI 68].

*Discovery Related to Defendant's "Works Made for Hire" Argument*

        Plaintiffs sought the production of documents upon which defendant based its position that plaintiffs' works were "made for hire." Defendant has informed the Court that since plaintiffs filed its motion to compel, defendant has produced certain documents relevant to its "works made for hire" argument for the 25 artists that defendant has identified as possible class members (based on the operative complaint [DI 49] and the Court's order on the motion to dismiss [DI 68]) and will be producing payments for health and pension benefits for those artists where applicable.

        The remaining dispute over the "works made for hire" discovery primarily concerns boxes of documents currently in storage. According to defendant, there are at least 2,202 boxes that contain an unknown number of files related to 24 of the 25 artists.[1] It stated also that, as of its June 26, 2020 letter, it had reviewed those files for six of the artists "reflecting a diversity of type, prominence genre, and volume of boxes" and will be producing the responsive documents from that

---

[1] Defendant does not have any materials related to one of the artists.

review. [DI 79 at 4.] It has represented that, in opposing class certification (a motion that has not yet been made), it will not rely upon documents it has not yet produced. Defendant argues that it would be unduly burdensome to search through the additional boxes and that there is no basis to require it to produce document supporting its position as to every putative class member.

Plaintiffs challenge defendant's contention that the class consists only of 25 artists. Further, they argue that discovery should not be limited and that defendant must produce documents relating to its "works made for hire" position as to *all* putative class members. They object also to the "biased sampling" of the boxes as well as to defendant's *de facto* unilateral bifurcation of discovery.

Plaintiffs contend that defendant has failed also to: (1) produce certain "readily-available, digitally-stored" documents related to its "works made for hire" argument, (2) certify that it has produced all electronically stored information pertaining to that argument, (3) identify whether or when defendant's counsel viewed any artist-related storage boxes, or (4) certify that it has produced all documents that had been supplied to defendant's legal team, which rejected the artists' termination notice on the basis that the artists' works were "made for hire."

At the outset, the Court notes that the parties' scheduling order required that "*[a]ll* discovery be completed" by July 1, 2020, not simply discovery pertaining to class certification and the requirements of Rule 23. [DI 65 (emphasis added).] If defendant had wished to seek bifurcated discovery, it should have sought such relief from the Court. Moreover, implicit in its agreement that it will not use unproduced discovery in opposing class certification is the possibility that defendant may use discovery not yet produced in opposing plaintiffs' case on the merits. Consistent with the scheduling order, discovery was to have been completed as to both class certification and to the merits.

Plaintiffs argue that defendant's rejection of "hundreds of section 203 termination notices . . . belies UMG's contention" that any class here would not exceed 25 artists. [DI 82 at 1.] Yet, as demonstrated by the partial grant of defendant's motion to dismiss [DI 68], there exist artists whose termination notices had been rejected by UMG but who failed to state a claim on which relief could be granted. The Court does not accept or reject plaintiffs' argument that there are approximately 213 putative class members. Similarly, the Court is not in a position to accept or reject defendant's position that, based on the operative complaint and the Court's prior ruling, the putative class consists of 25 members only. However, at a minimum, these 25 recording artists are representative, in one degree or another, of the putative class members, insofar as the scope of any class certified on the basis of the operative complaint would be circumscribed by its allegations. Moreover, the parties have quantified the number of boxes only as to this group of 25 artists. The Court thus is unable to assess the burden of searching an unknown number of boxes for an unknown number of artists. Accordingly, its assessment is limited to the 2,202 boxes related to those 25 artists identified by defendant.

The Court is mindful of the undertaking required to review the contents of over 2,000 boxes of materials, boxes that may or may not contain relevant information. However, this burden must be weighed against plaintiffs' right to discovery that is relevant to its claim and proportional

3

to the needs of the case. *See* FED. R. CIV. P. 26(b)(1).

Defendant's position that the works at issue were "made for hire" is central to this lawsuit. Indeed, it has rejected already the termination notices from the putative class members on that basis. While defendant has committed to producing discovery from the boxes of six artists it believes constitute a representative sample, plaintiffs did not agree to this particular subset. The parties have been unable to agree on sampling or selection of additional artists. Defendant cannot shield relevant discovery on this critical issue simply because the parties could not compromise.

Accordingly, to the extent it has not already done so, defendant must produce all documents and other requested discovery, whether digitally stored or contained within the storage boxes, relevant to its position that the 25 recording artists' works were "made for hire."

Plaintiffs' two remaining requests relate to their pending motion to amend. Among other amendments, they seek to add (1) Capitol as a defendant and (2) allegations bolstering their previously-dismissed claim for declaratory relief. The latter category of documents relate to recording artists who have served termination notices with an "effective date of termination" that has not yet arrived. Defendant does not oppose the addition of Capitol as a defendant, subject to certain qualifications, but does oppose the amendments related to the claim for declaratory relief.

*Discovery Related to Artists' Signed Contracts with Capitol*

"A party may serve on any other party a request [to produce documents] within the scope of Rule 26(b)" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). "A party is deemed to 'control' documents that it has the legal right or the practical ability to obtain—even where those documents are in the physical possession of non-parties." *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 190 (S.D.N.Y. 2013). The party seeking to compel discovery bears the burden of demonstrating control. *Coventry Capital US LLC v. EEA Life Settlements Inc.*, 334 F.R.D. 68, 73 (S.D.N.Y. 2020).

Plaintiffs have demonstrated that defendant exerts the requisite control over Capitol. Among other evidence, plaintiffs point to the following: (1) defendant's Rule 26(a) disclosures revealed that UMG's senior vice president and head of litigation may testify as to the information in the possession, custody, or control of UMG concerning agreements between Capitol and recording artists, (2) defendant attached to its motion to dismiss agreements related to artists who signed contracts with Capitol, and (3) several UMG representatives have corresponded "on behalf of Capitol Records LLC," using UMG letterhead.

Defendant does not dispute that it has control, in the relevant sense, over these documents. Instead, it argues that since Capitol is not a defendant, defendant need not produce Capitol's documents. But Capitol's non-party status alone is not enough to defeat a motion to compel. For the reasons above, plaintiffs have demonstrated that defendant has "control" over Capitol's documents within the meaning of Rule 34. Therefore, although plaintiffs' request to amend to add Capitol as a defendant remains pending – an amendment to which defendant has

4

offered a qualified non-opposition – that motion need not be resolved in order to find that defendant must produce Capitol's documents. Accordingly, defendant is ordered to produce discovery related to artists who signed contracts with Capitol.

*Discovery Related to Plaintiffs' Claim for Declaratory Relief: Artists Whose "Effective Date of Termination" Has Not Yet Occurred*

Discovery is limited to a party's "claim or defense." FED. R. CIV. P. 26(b)(1). Based on the Court's prior ruling, plaintiffs do not now have a claim for declaratory relief. Plaintiffs acknowledge this, but contend that the Court should compel the requested documents in light of the July 1, 2020 discovery deadline and the pendency of their motion to amend. These are not sufficient grounds to compel document production. The requested documents are outside the scope of the operative complaint, and will remain outside the scope unless the motion to amend is granted as to plaintiffs' claim for declaratory relief. Accordingly, the motion to compel is denied as to discovery related to recording artists who have served termination notices with an "effective date of termination" that has not yet occurred.

Accordingly, plaintiffs' motion to compel [DI 78] is granted in part and denied in part. It is denied without prejudice to a renewed motion if warranted by the Court's order on the pending motion to amend. The parties shall submit on or before July 20 a proposal for a discovery deadline by which defendant must produce the documents required by this order.

SO ORDERED.

Dated:    July 13, 2020

_____
Lewis A. Kaplan
United States District Judge