UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JOHN WAITE, an individual; JOE ELY, an individual; KASIM SULTON, an individual; SUSAN STRAW HARRIS p/k/a SYD STRAW, an individual; LEONARD GRAVES PHILLIPS, an individual; STAN SOBOL a/k/a STAN LEE, an individual; STEVE WYNN, an individual; DENNIS MEHAFFEY p/k/a DENNIS DUCK, an individual; and DAVID PELLISH p/k/a DAVE PROVOST, an individual; and on behalf of all others similarly situated,

      Plaintiffs,

    v.

UMG RECORDINGS, INC., a Delaware corporation doing business as Universal Music Group; CAPITOL RECORDS, LLC, a Delaware limited liability company; and DOES 1 through 10,

      Defendants.
------------------------------------------------------------X

Case No. 1:19-cv-01091(LAK)

**STIPULATION AND [PROPOSED] ORDER**

  WHEREAS, Plaintiffs John Waite ("Waite") and Earle R. Ely, Jr. p/k/a Joe Ely ("Ely") commenced this putative class action against Defendant UMG Recordings, Inc. ("UMG") on or about February 5, 2019;

  WHEREAS, Plaintiffs Waite, Ely, Kasim Sulton ("Sulton"), Susan Straw Harris p/k/a Syd Straw ("Straw"), Leonard Graves Phillips ("Phillips"), Stan Sobol a/k/a Stan Lee ("Sobol"), and Israel Caballero (collectively, the "FAC Plaintiffs") filed a First Amended Complaint ("FAC") on June 5, 2019;

  WHEREAS, on June 26, 2019, UMG filed a motion to dismiss the FAC (ECF No. 49);

1

WHEREAS, by Memorandum Opinion dated March 31, 2020 (ECF No. 68), the Court granted in part and denied in part UMG's motion to dismiss, which included, *inter alia*, dismissing the FAC Plaintiffs' claim for declaratory relief.

WHEREAS, on May 8, 2020, the FAC Plaintiffs filed a motion for leave to file a Second Amended Complaint (ECF No. 73) (the "SAC Motion");

WHEREAS, on June 24, 2020, the FAC Plaintiffs filed a motion to compel production of certain documents from UMG (ECF No. 78) (the "Discovery Motion");

WHEREAS, by Order dated July 13, 2020 (ECF No. 83) (the "Discovery Order"), the Court granted in part and denied in part the Discovery Motion, which required UMG to produce, *inter alia*, documents supporting its work-for-hire defense as to certain putative class members;

WHEREAS, on July 20, 2020, the parties filed a Joint Report (ECF No. 84) (the "Joint Report") requesting that the Court make certain adjustments to the case schedule necessitated by the Discovery Order;

WHEREAS, by memo endorsement dated August 3, 2020, the Court adopted the case schedule proposed by the parties in the Joint Report;

WHEREAS, by Memorandum Opinion dated August 10, 2020 (ECF No. 89) (the "Memorandum Opinion"), the Court granted in part and denied in part the SAC Motion, permitting the FAC Plaintiffs to re-plead certain of their previously dismissed claims, including their claim for declaratory relief;

WHEREAS, on August 31, 2020, Ely, Sulton, Straw, Phillips, Sobol, Steve Wynn, Dennis Mehaffey p/k/a Dennis Duck, and David Pellish p/k/a Dave Provost (collectively, the "SAC Plaintiffs") filed a Second Amended Complaint ("SAC") against UMG and Capitol Records, LLC (collectively, "Defendants," and together with the SAC Plaintiffs, the "Parties"),

and further corrected the SAC's caption on September 2, 2020 with the filing of a corrected SAC (ECF No. 95);

WHEREAS, in addition to alleging a putative class asserting a claim of copyright infringement ("Putative Class A"), the SAC alleges a second putative class asserting a claim for declaratory relief ("Putative Class B") and adding a substantial number of additional putative class members to the action, thereby expanding the scope of discovery in this action;

WHEREAS, on September 30, 2020, Defendants UMG and Capitol filed certain counterclaims against Straw and Ely, respectively.

WHEREAS, on October 18, 2020, pursuant to a stipulation filed by the Parties, the Court dismissed Ely's claims in this action and the Counterclaims as to Ely pursuant to an individual settlement;

WHEREAS, on November 2, 2020, the Parties submitted a Stipulation and [Proposed] Order respecting the schedule for this action, which the Court endorsed with one modification and entered on November 9, 2020;

WHEREAS, on November 25, 2020, Straw filed a motion to sever the Counterclaims as to her;

WHEREAS, on December 4, 2020, Straw answered the Counterclaims;

WHEREAS, on January 27, 2021, the Parties filed a Stipulation and [Proposed] Order informing the Court that the Parties intended to engage in settlement discussions in a good-faith effort to explore potential resolution and had retained the Hon. Dickran Tevrizian (Ret., C.D. Cal.) for a confidential mediation session on March 30, 2021, and requesting to temporarily stay the litigation;

WHEREAS, by Order entered on February 19, 2021, the Court stayed the litigation until April 9, 2021, in light of the Parties' confidential mediation scheduled for March 30, 2021, and also denied without prejudice Straw's motion to sever the Counterclaims as to her;

WHEREAS, the Parties participated in the mediation on March 30, 2021;

WHEREAS, on April 8, 2021, the Parties filed a Stipulation and [Proposed Order] to Further Stay Litigation, informing the Court that although the Parties did not reach an agreement respecting settlement at the mediation, the Parties agreed to exchange certain additional information and to continue their settlement discussion, and requesting to extend the temporary stay of the litigation pending the completion of such dispute-resolution efforts;

WHEREAS, by Order entered on April 8, 2021, the Court further stayed the litigation until May 10, 2021, in light of the Parties' continuing settlement discussions.

WHEREAS, on May 3, 2021, the Parties filed a Stipulation and [Proposed] Order informing the Court that although the Parties did not reach an agreement respecting settlement at the mediation, the Parties had exchanged certain additional information relating to potential settlement and scheduled a follow-up, confidential mediation session with Judge Tevrizian for May 7, 2021;

WHEREAS, by Order entered on May 4, 2021, the Court further stayed the litigation until June 9, 2021, in light of the Parties' continuing settlement discussions.

WHEREAS, the Parties participated in the follow-up mediation session on May 7, 2021;

WHEREAS, despite their good-faith efforts, the Parties have not reached a settlement in principle, and pursuant to the Court's May 4, 2021 Order, the stay expired on June 9, 2021.

WHEREAS, pursuant to the Court's May 4, 2021 Order, the Parties have met and conferred regarding the discovery that remains to be completed in this litigation, expressly

4

acknowledge the challenges caused by remote working conditions and the COVID-19 pandemic, and agree to the document production deadlines and case schedule set forth below, including in light of such challenges and the existing personal and professional obligations of the Parties, their counsel, and their experts.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the Parties in this litigation, and subject to the Court's approval, as follows:

1. Document Production Deadlines

    a. On or before July 16, 2021, to the extent such documents are in Defendants' possession, custody, and control and have not already been produced, Defendants shall produce: (1) putative termination notices received by Defendants since December 18, 2020, and corresponding counter notices, recording agreements, and copyright registrations for any artists in Putative Class A or B who directly contracted with UMG or Capitol or one of their respective predecessors; and (2) putative termination notices received by Defendants since December 18, 2020 and relevant excerpts of corresponding recording agreements with loan-out, furnishing, or third-party companies for any artists in Putative Class A or B as to whom Defendants have received a notice pursuant to § 203 of the Copyright Act purporting to terminate a putative grant of rights to Defendants, or one of their respective predecessors, respecting one or more works that relate to putative grants made by such loan-out, furnishing, or third-party companies.

    b. To the extent Defendants contend that a recording artist who directly contracted with UMG or Capitol or one of their respective predecessors and previously served a putative termination notice under § 203 of the Copyright Act as to such contract has entered into

a fully-executed settlement agreement allegedly resolving such artist's claim under § 203, and to the extent such documents have not already been produced, Defendants shall produce on or before July 16, 2021 a copy of any fully-executed settlement agreement (provided that the Parties agree that Defendants may redact provisions relating to economic terms) or notice of withdrawal of termination notice that Defendants may rely upon to seek exclusion of any artist from Putative Class A or B.

        c.        On or before June 30, 2021, Plaintiffs shall produce all work papers and other documents underlying, considered or relied upon in connection with, or otherwise relating to the Expert Witness Report of Stefano Vranca previously served in this action, to the extent such documents have not previously been produced by one of the Parties in this litigation.

        d.        On or before June 30, 2021, Defendants shall produce a supplemental financial data report dated as of May 31, 2021 sufficient to show the revenue associated with the exploitation in the United States after the purported date of termination of identified sound recordings of any members of Putative Class A as to whom the purported date of termination passed on or before April 30, 2021. Defendants shall supplement the financial data report sixty days prior to trial to update the report with any additional revenue associated with exploitation in the United States, including with respect to any putative class members as to whom the purported date of termination occurred on or prior to the date on which Plaintiffs file their motion for class certification.

        e.        The Parties express their continuing intent to cooperate in order to permit the safe and timely review and production of the documents referenced in this Stipulation, including in light of the challenges referenced in the recitals above. Accordingly, the Parties agree that the Parties shall utilize reasonable, good faith efforts to meet the interim milestones set

forth above, and that a Party shall not be in violation of this Stipulation if it is unable to meet the interim milestones completely despite its reasonable, good faith efforts. The Parties further agree to promptly meet and confer regarding reasonable adjustments to the above interim milestones if needed, which may be modified by agreement of the Parties and notification of the Court, and regarding the below Case Schedule, which may be modified by agreement of the Parties subject to the approval of the Court.

    2.    Case Schedule

        a.    August 10, 2021 – Deadline for Defendants and SAC Plaintiffs (as to the counterclaims) to serve a supplemental rebuttal damages expert disclosure containing all information required by Fed. R. Civ. P. 26(a)(2)(B);

        b.    September 17, 2021 – Close of all discovery;

        c.    October 4, 2021 – Deadline for the SAC Plaintiffs to file any motion for class certification and for any Party to file any summary judgment motion;

            i.    If the SAC Plaintiffs' motion for class certification or any Party's summary judgment motion are filed on October 4, 2021, the following briefing schedule shall apply:

                1.    November 3, 2021 – Deadline to file an opposition, if any, to the SAC Plaintiffs' motion for class certification or any Party's summary judgment motion; and

                2.    November 24, 2021 – Deadline to file a reply, if any, in support of the SAC Plaintiffs' motion for class certification or any Party's summary judgment motion.

ii. If the SAC Plaintiffs' motion for class certification or any Party's summary judgment motion is filed before October 4, 2021, then the Parties shall stipulate to a deadline to file an opposition that is at least 30 days after service of the motion, and a deadline to file a reply, if any, that is at least 14 days after service of the opposition (provided that the Parties shall meet and confer in good faith about a longer schedule, including in light of intervening holidays or other conflicts).

d. Three weeks after the Court's ruling on the SAC Plaintiffs' motion for class certification – Deadline for the Parties to file the joint pretrial order, proposed jury instructions, and requested voir dire questions; and

e. One month after the Parties file the joint pretrial order – Trial scheduled to begin (subject to the Court's availability).

3. In light of the concurrent class certification and summary judgment briefing contemplated by the proposed case schedule set forth above, the Parties respectfully submit that: (a) the Court should rule on any motion for class certification prior to ruling on any motion for summary judgment that would resolve an issue affecting more than a single artist; and (b) if a class is certified, the Court should hold in abeyance any motion for summary judgment filed by UMG or Plaintiffs that would resolve an issue affecting more than a single artist until after the class notice and opt out period has concluded. By proposing the deadlines set forth above, the Parties do not intend to waive any applicable protections of law, including but not limited to the one-way intervention rule. The Parties expressly reserve all rights. Nothing herein shall waive any Party's rights or arguments with respect to the propriety of class treatment or the scope of any putative class, nor preclude any further discovery by any Party.

Dated: June 11, 2021

| BLANK ROME LLP | SIDLEY AUSTIN LLP |
|---|---|
| By: /s/ *Roy W. Arnold* <br> Ryan E. Cronin <br> Roy W. Arnold <br> Gregory M. Bordo <br> David M. Perry <br> 1271 Avenue of the Americas <br> New York, NY 10020 <br> Telephone: (212) 885-5000 <br><br> COHEN MUSIC LAW <br> Evan S. Cohen <br> Maryann R. Marzano <br> 1180 South Beverly Drive, Suite 510 <br> Los Angeles, CA 90035-1157 <br> Telephone: (310) 556-9800 <br><br> *Attorneys for Plaintiffs* | By: /s/ *Steven M. Bierman* <br> Steven M. Bierman <br> sbierman@sidley.com <br> Ariel Atlas <br> aatlas@sidley.com <br> SIDLEY AUSTIN LLP <br> 787 Seventh Avenue <br> New York, NY 10019 <br> Telephone: (212) 839-5300 <br><br> Rollin A. Ransom <br> rransom@sidley.com <br> Lisa M. Gilford <br> lgilford@sidley.com <br> Lauren M. De Lilly <br> ldelilly@sidley.com <br> SIDLEY AUSTIN LLP <br> 555 West 5th Street, Suite 4000 <br> Los Angeles, CA 90013 <br> Telephone: (213) 896-6000 <br><br> Richard S. Mandel <br> rsm@cll.com <br> Thomas Kjellberg <br> txk@cll.com <br> Cowan, Liebowitz & Latman, P.C. <br> 114 West 47th Street <br> New York, NY 10036-1525 <br> Telephone: (212) 790-9200 <br><br> *Attorneys for Defendants UMG Recordings, Inc. and Capitol Records, LLC* |

IT IS SO ORDERED:

_____
U.S.D.J. Lewis A. Kaplan