UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOHN WAITE, et. al.,

                              Plaintiffs,

           -against-                                                  19-cv-1091 (LAK)

UMG RECORDINGS, INC., et. al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This putative class action arises from defendants' rejection of termination notices issued pursuant to Section 203 of the Copyright Act, 17 U.S.C. § 203, which purport to terminate plaintiffs' grants of copyrights to defendants. The operative complaint purports to bring claims on behalf of two groups of plaintiffs. Relevant here, plaintiff Susan Straw Harris ("Straw") seeks declaratory relief on behalf of a group of plaintiffs who served defendants with Section 203 notices of termination with effective dates that have not yet occurred. Defendants counterclaim against Straw for copyright infringement and breach of contract based on her alleged reproduction of the copyrighted work that is the subject of her notice of termination.

        On November 25, 2020, plaintiffs moved to sever defendants' counterclaim against Straw from this action. (Dkt. 113). The parties subsequently agreed to stay the litigation, and the motion to sever, by agreement, was denied without prejudice to renewal. (Dkt. 122). That stay expired on June 9, 2021 (*see* Dkt. 128) and plaintiffs moved to renew their severance motion on June 16, 2021. (Dkt. 133). The Court granted the motion to renew (Dkt. 136) and, for the reasons discussed below, now denies the underlying motion to sever.

        The Court has broad discretion in ruling on a motion to sever. *See United States v. Alvarado,* 882 F.2d 645, 655 (2d Cir. 1989). In doing so, it considers "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *N. Jersey Media Grp. Inc. v. Fox News Network, LLC,* 312 F.R.D. 111, 114 (S.D.N.Y. 2015) (citation omitted). With regard to the first factor, claims arise out of the "same 'transaction or occurrence'" if there is a "logical relationship" between them. *Computer Assoc. Int'l v. Altai,* 893 F.2d 26, 29 (2d Cir. 1990). The Court keeps in mind also that "the joinder of claims is 'strongly encouraged'" and that "severance should generally be granted only in 'exceptional circumstances.'" *Compania Embotelladora del Pacifico v. Pepsi*

*Cola Co.*, 256 F.R.D. 131, 133 (S.D.N.Y. 2009) (*quoting United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Hatfield v. Herz*, 9 F.Supp.2d 368, 373 (S.D.N.Y. 1998) (citation omitted)).

Based on these considerations, and for many of the reasons explained in defendants' opposition brief (Dkt. 118), the Court concludes that severance is not warranted here. Defendants' counterclaim involves the same copyrighted work and agreement at issue in Straw's claim against defendants. In addition, Straw's Section 203 notice of termination likely will be relevant to Straw's intent with regard to defendants' infringement claim. It would be inefficient to sever these claims.

Accordingly, the motion to sever (Dkt. 113) is denied.

SO ORDERED.

Dated: October 11, 2021

_____
Lewis A. Kaplan
United States District Judge