UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  :
JOHN WAITE, an individual; JOE ELY, an :
individual; KASIM SULTON, an individual; :
SUSAN STRAW HARRIS p/k/a SYD STRAW, :
an individual; LEONARD GRAVES PHILLIPS, :
an individual; STAN SOBOL a/k/a STAN LEE, :
an individual; STEVE WYNN, an individual; :
DENNIS MEHAFFEY p/k/a DENNIS DUCK, :
an individual; and DAVID PELLISH p/k/a :
DAVE PROVOST, an individual; and on behalf :
of all others similarly situated, :
  :
                                    Plaintiffs, :
  :
                        v. :
  :
UMG RECORDINGS, INC., a Delaware :
corporation doing business as Universal Music :
Group; CAPITOL RECORDS, LLC, a Delaware :
limited liability company; and DOES 1 through :
10, :
  :
                                    Defendants. :
------------------------------------------------------------X

Case No. 1:19-cv-01091(LAK)

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, on January 27, 2021, the Parties filed a Stipulation and [Proposed] Order informing the Court that the Parties intended to engage in settlement discussions in a good-faith effort to explore potential resolution and had retained the Hon. Dickran Tevrizian (Ret., C.D. Cal.) for a confidential mediation session on March 30, 2021, and requesting to temporarily stay the litigation;

WHEREAS, through additional stipulations between the Parties and orders by the Court, the litigation was stayed until June 9, 2021 so that the Parties could engage in such dispute resolution efforts;

WHEREAS, despite their good-faith efforts, the Parties did not reach a settlement, and the litigation stay expired on June 9, 2021;

WHEREAS, the Parties submitted a Proposed Stipulation and Order to the Court dated September 29, 2021 setting forth additional outstanding document production and case schedule deadlines, which the Court entered on September 30, 2021 (the "September 30, 2021 Stipulation and Order");

WHEREAS, except as set forth herein, the September 30, 2021 Stipulation and Order remains in effect;

WHEREAS, the Parties have met and conferred regarding the discovery that remains to be completed in this litigation, and agree that they require a limited extension of the close of discovery solely for the purposes described herein, and further agree to the amended deadlines and case schedule set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys for the Parties in this litigation, and subject to the Court's approval, as follows:

1. All Parties shall supplement their respective responses to contention interrogatories, if appropriate and/or required pursuant to the Federal Rules of Civil Procedure, on or before February 11, 2022.

2. The "Close of all discovery date" in the September 30, 2021 Stipulation and Order is extended from January 14, 2022, to March 15, 2022 (the "Extension Period").

3. During the Extension Period, the Parties shall not:

   a. serve any further written discovery; and/or

        b.        pursue any discovery motion practice with respect to any previously conducted-depositions or previously-served discovery responses or document productions, except as to any issues arising out of Defendants' December 10 and 17, 2021 document productions.

4.        During the Extension Period, the Parties may conduct depositions of only the following individuals: (a) the Parties' respective damages experts; and (b) the Rule 30(b)(6) designee of Capitol Records, LLC ("Capitol"), which, subject to Capitol's right to object and the Parties' obligation to meet and confer regarding the scope of Rule 30(b)(6) topics, may include one or more topics relating to Capitol's collection and production of documents. Neither of the Parties presently anticipates the need for, and does not presently intend to notice, additional depositions beyond those specified herein. If, however, any Party later believes that it can demonstrate a material need for an additional deposition not specified herein arising out of information learned from Defendants' December 10 or 17, 2021 document productions or the specified depositions, the Parties agree to meet and confer in good faith as to any such proposed deposition.

5.        Subject to the above, the remaining Case Schedule is amended as follows:

        a.        March 15, 2022 – Close of all discovery;

        b.        April 15, 2022 – Deadline for Plaintiffs to file any motion for class certification and for any Party to file any summary judgment motion;

                i.        If Plaintiffs' motion for class certification or any Party's summary judgment motion are filed on April 15, 2022, the following briefing schedule shall apply:

                      1.        May 16, 2022 – Deadline to file an opposition, if any, to Plaintiffs' motion for class certification or any Party's summary judgment motion; and

        2.       June 3, 2022 – Deadline to file a reply, if any, in support of Plaintiffs' motion for class certification or any Party's summary judgment motion.

        ii.       If Plaintiffs' motion for class certification or any Party's summary judgment motion is filed before April 15, 2022, then the Parties shall stipulate to a deadline to file an opposition that is at least 30 days after service of the motion, and a deadline to file a reply, if any, that is at least 14 days after service of the opposition (provided that the Parties shall meet and confer in good faith about a longer schedule, including in light of intervening holidays or other conflicts).

        c.       30 days after the latest of the Court's ruling on Plaintiffs' motion for class certification, the expiration of any class notice and opt out deadline, and the Court's ruling on any summary judgment motion – Deadline for the Parties to file the joint pretrial order, proposed jury instructions, and requested voir dire questions; and

        d.       30 days after the Parties file the joint pretrial order – Trial scheduled to begin (subject to the Court's availability).

6.       In light of the concurrent class certification and summary judgment briefing contemplated by the proposed case schedule set forth above, the Parties respectfully submit that: (a) the Court should rule on any motion for class certification prior to ruling on any motion for summary judgment that would resolve an issue affecting more than a single artist; and (b) if a class is certified, the Court should hold in abeyance any motion for summary judgment filed by Defendants or Plaintiffs that would resolve an issue affecting more than a single artist until after the class notice and opt out period has concluded.  By proposing the deadlines set forth above, the Parties do not intend to waive any applicable protections of law, including but not limited to the one-way intervention rule.  The Parties expressly reserve all rights.  Nothing herein shall

waive any Party's rights or arguments with respect to the propriety of class treatment or the scope of any putative class.

Dated:  New York, New York
       January 14, 2022

Respectfully submitted,

**BLANK ROME LLP**

By: /s/ Ryan E. Cronin
Ryan E. Cronin
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 885-5000
Facsimile: (212) 885-5001
rcronin@blankrome.com

*Attorneys for Plaintiffs*

**SIDLEY AUSTIN LLP**

By: /s/ Ariel Atlas
Ariel Atlas
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5477
Facsimile: (212) 839-5599
aatlas@sidley.com

*Attorneys for Defendants*

IT IS SO ORDERED:

_____
U.S.D.J. Lewis A. Kaplan