# BLANKROME

Union Trust Building
501 Grant Street | Suite 850 | Pittsburgh, PA 15219
blankrome.com

Phone:   (412) 932-2814
Fax:     (412) 592-0959
Email:   roy.arnold@blankrome.com

June 21, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Judge
  for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007

      Re:    **Sobol, et al. v. UMG Recordings, Inc.**
               **Civil Action No. 1:19-cv-01091-LAK (S.D.N.Y.)**

Dear Judge Kaplan:

      On behalf of plaintiffs Stan Sobol, Susan Straw Harris, Leonard Graves Phillips, Kasim Sulton, Joel Davis Pellish, Dennis Mehaffey, and Steve Wynn ("Plaintiffs"), we write to request that the Court exercise its discretion to vacate the June 13, 2023 Order (ECF No. 280) denying Plaintiffs' summary judgment motion on Defendants' work made for hire defense (ECF No. 166) (the "Motion") and re-activate the Motion *nunc pro tunc* for a substantive decision on the merits pursuant to Fed. R. Civ. P. 1.

      On February 13, 2023, the Court entered an Order approving the parties' stipulation and staying the case pending the United States Court of Appeals for the Second Circuit's ruling on Plaintiffs' petition for permission to appeal the denial of class certification under Fed. R. Civ. P. 23(f). ECF No. 268.[1] Additionally, on February 13, 2023, the Court *sua sponte* denied the Motion without prejudice to its renewal following the expiration of the stay.  ECF No. 269.  On May 16, 2023, the Second Circuit denied Plaintiffs' petition.  On June 13, 2023, the Court denied the Plaintiffs' Motion because Plaintiffs had not requested reactivation within 21 days of the expiration of the stay. ECF No. 280.

      Plaintiffs' counsel were surprised to receive the Court's June 13, 2023 order, having believed in good faith that the Court would enter an order lifting the stay following the Second Circuit's ruling.  Plaintiffs' counsel appreciate that their interpretation of the Court's Order approving the stay was mistaken and understand that their belief that the stay expiration was not self-executing was erroneous.  However, while Plaintiffs' counsel accept responsibility for

---

[1]    The stay was requested by Defendants' counsel when Plaintiffs' counsel advised them of their intent to file the Rule 23(f) petition.  Plaintiffs' counsel agreed to the stay pursuant to the stipulation.  In doing so, Plaintiffs' counsel had no expectation or belief at the time that the stay would result in the administrative denial of the summary judgment motion.


Union Trust Building
501 Grant Street | Suite 850 | Pittsburgh, PA 15219
blankrome.com

misinterpreting the Court's prior orders and sincerely regret any inconvenience that their error has caused the Court, Plaintiffs' counsel wish to emphasize that the mistake was the result of a good faith misinterpretation of prior directives and not the result of any intentional effort to delay or obstruct this Court's work.

As further context, counsel have been actively engaged in settlement discussions prior to and since the Second Circuit's decision.[2] During discussions with Defendants' counsel in May, undersigned counsel informed Defendants' counsel that Plaintiffs intended to re-activate the Motion when the stay was lifted. No objection was voiced by Defendants' counsel at that time.

Plaintiffs' counsel sincerely believe that the summary judgment motion is well-founded and, if granted, would stream-line significantly the evidentiary proof at trial. Further, re-activation of the Motion *nunc pro tunc* will not cause Defendants any prejudice. As a result, Plaintiffs' counsel respectfully request that the Motion be re-activated and submit that granting this requested relief would be consistent with Fed. R. Civ. P. 1's directive that the rules governing procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

We have conferred with counsel for Defendants, Rollin Ransom, and he has informed us that Defendants oppose this request.

Plaintiff's counsel will make themselves available at the Court's convenience if the Court wishes to hear further from counsel. Additionally, if the Court prefers a formal motion with briefing, counsel can provide such briefing in accordance with the Court's directive. Given that the Court did not substantively address the Motion and instead denied the Motion due to Plaintiffs' administrative mistake, Plaintiff's counsel believe this Letter Motion is the most direct way to address the issue in an efficient manner.

Very truly yours,

/s/ *Roy W. Arnold*

---

[2] These discussions have been slowed by the unavailability of one of Plaintiff's lead counsel due to a significant, ongoing health challenge that required hospitalization in May, followed by recuperation time in June. All of Plaintiff's lead counsel's involvement in the ongoing, good faith settlement discussions is essential and necessary. Undersigned counsel also informed Defendants' counsel of this challenge in May.