

SIDLEY AUSTIN LLP
555 WEST FIFTH STREET
LOS ANGELES, CA 90013
+1 213 896 6000
+1 213 896 6600 FAX

AMERICA • ASIA PACIFIC • EUROPE

+1 213 896 6047
RRANSOM@SIDLEY.COM

June 22, 2023

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    <u>*Sobol, et. al. v. UMG Recordings, Inc., et.al.*, No. 1:19-cv-1091-LAK</u>

Dear Judge Kaplan,

    We write on behalf of Defendants UMG Recordings, Inc. and Capitol Records, LLC ("Defendants") in response to the letter motion filed by Plaintiffs Stan Sobol, Susan Straw Harris, Leonard Graves Phillips, Kasim Sulton, David Pellish, Dennis Mehaffey, and Steve Wynn ("Plaintiffs") to vacate the Court's June 13, 2023 Order denying Plaintiffs' motion for summary judgment as to Defendants' work made for hire defense. *See* ECF No. 281.

    As a preliminary matter, Plaintiffs fail to reference – much less apply – the correct standard for relief, which is grounds enough to deny their request. Although Plaintiffs invoke Rule 1 of the Federal Rules of Civil Procedure, that rule does not provide a basis to vacate a court order or to obtain relief from an expired deadline; instead, it simply articulates the "[s]cope and [p]urpose" of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "govern the procedure" in federal civil actions and "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

    Rather, the applicable standard for obtaining a retroactive extension of an expired deadline is set forth in Rule 6(b)(1)(B), which allows a court, for good cause, to extend the time period within which an act must be done "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see also Hanks v. Voya Retirement Ins. and Annuity Co.*, No. 16-cv-6399 (PKC), 2020 WL 6538743 at *2 (S.D.N.Y. Nov. 6, 2020) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993)). Factors to consider "include prejudice to the opposing party, the length of delay, its impact on judicial proceedings, the reason for the delay, whether the delay was within the movant's 'reasonable control,' and whether the movant acted in good faith." *Id.*

Sidley Austin (CA) LLP is a Delaware limited liability partnership doing business as Sidley Austin LLP and practicing in affiliation with other Sidley Austin partnerships.

# SIDLEY

The Honorable Lewis A. Kaplan
Page 2

Plaintiffs have failed to meet this standard. On February 13, 2023, the Court ordered that "[t]he litigation, and any court deadlines set by this Court or the Federal Rules of Civil Procedure shall be stayed *until such time as the Second Circuit rules on Plaintiff's Rule 23(f) petition*." [ECF No. 268 (emphasis added)]. The Court further ordered that any renewal of Plaintiffs' motion for summary judgment be filed no later than 21 days "after said expiration." [ECF No. 269]. The Court's orders were clear, and there is no basis for an "interpretation" that the "stay expiration was not self-executing." *Cf.* ECF No. 281 at 1-2. Thus the "reason for the delay" – the "most important *Pioneer* factor," *Alexander v. Saul*, 5 F.4th 139, 149 (2d Cir. 2021) – weighs strongly against Plaintiffs. Moreover, while Defendants strenuously disagree with the arguments underlying Plaintiffs' summary judgment motion, the Court's ruling does not preclude Plaintiffs from advancing them at trial. *See, e.g.*, *Pinks v. M&T Bank Corp.*, Case No. 13 Civ. 1730(LAK), 2014 WL 2608084, at *2 (Jun. 5, 2014) (Kaplan, J.) (finding that attorney error in missing deadline to object to recommended denial of motion to dismiss was not excusable neglect, and noting that no "irremediable harm was done;" even though case would continue, legal arguments could be "resurrected," including at trial).

Rather than permitting Plaintiffs to revive an untimely motion, Defendants submit that the best path to a "just [and] speedy" resolution of the remaining claims is through settlement negotiations – indeed, Plaintiffs invoke settlement efforts as "context" for their letter motion. ECF No. 281 at 2 & n.2. In this regard, Defendants sent Plaintiffs proposals to resolve the named Plaintiffs' respective claims on March 24, 2023. Other than as to the previous lead plaintiff, John Waite (whose claims have been settled and dismissed), Plaintiffs have provided no substantive response or counterproposal. To allow time for the "settlement discussions" referenced by Plaintiffs, *id.*, Defendants request that the Court issue an order staying the action, directing the parties to participate in good faith settlement negotiations, and requiring the parties to provide an update to the Court as to the status of those negotiations in thirty (30) days, either by filing a joint letter motion, by participating in a telephonic status conference with the Court, or by whatever other method the Court would prefer.

Respectfully submitted,

Rollin A. Ransom

cc: All counsel (via ECF)