**SIDLEY**

**MEMO ENDORSED**

SIDLEY AUSTIN LLP
787 SEVENTH AVENUE
NEW YORK, NY 10019
+1 212 839 5300
+1 212 839 5599 FAX

AMERICA • ASIA PACIFIC • EUROPE

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-9-2023
```

May 27, 2022

**By ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re:    *Waite, et al. v. UMG Recordings, Inc., et. al., No. 1:19-cv-01091-LAK*

Dear Judge Kaplan:

    We write on behalf of Defendants UMG Recordings, Inc. and Capitol Records, LLC ("Defendants") pursuant to the Court's Individual Rules of Practice in connection with Defendants' Opposition to Plaintiffs' Motion for Class Certification, filed on May 27, 2022 (the "Opposition"). Defendants respectfully request that the Court allow Defendants to maintain under seal certain materials filed with their Opposition designated as "Confidential" or "Confidential – Attorneys Eyes' Only" pursuant to the Stipulated Confidentiality Agreement and Protective Order entered by the Court in this action on January 13, 2020 (ECF No. 64) (the "Protective Order") that contain non-public and commercially sensitive business information, financial information, and/or personal information relating to absent putative class members or other artists.[1] Defendants have met and conferred with Plaintiffs in advance of filing, and Plaintiffs do not oppose this motion.

    Specifically, the materials that Defendants request remain under seal are:

(1) Redacted portions of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification ("Memorandum") (specifically, information appearing on Pages 20-21, 22-23, 24, 27, 31, 34, 37-38, 39-40, and 43);

(2) Redacted portions of the Declaration of Alasdair McMullan in Support of Defendants' Opposition ("McMullan Declaration") and certain redacted or entirely

---

[1] The Protective Order defines "Confidential Information" as material that contains "non-public proprietary business information, non-public personally identifiable information or any other category of information given "Confidential" status by the Court, and defines "Confidential – Attorneys' Eyes Only" information as material that "qualifies as Confidential Information and contains or refers to trade secret(s) or is otherwise commercially sensitive, the disclosure of which to another party would create risk of competitive or other injury, and cannot be protected by less restrictive means." ECF No. 64 at 3.

# SIDLEY

The Honorable Lewis A. Kaplan
May 27, 2022
Page 2

sealed exhibits attached thereto (specifically, information appearing on Pages 5-6, 20-21, and 28-44 of the Declaration, and Exhibits 12, 15-23, 32-34, 40, 68-70, 72-73, 78-84; 120-203; 215-226);[2]

(3) Redacted portions of the Declaration of James Harrington in Support of Defendants' Opposition ("Harrington Declaration") and entirely sealed exhibits attached thereto (specifically, information appearing on Pages 2-10 of the declaration, and Exhibits 1-25);

(4) Redacted portions of the Declaration of David Blackburn in Support of Defendants' Opposition ("Blackburn Declaration") (specifically, information appearing on Pages 5-6, 9-10, and 16-17); and

(5) A redacted exhibit attached to the Declaration of Lisa Gilford ("Gilford Declaration") (specifically, information appearing in Paragraphs 20 and 21 of Exhibit A).

Defendants have attached to this letter motion their proposed, narrowly tailored redactions to the materials listed above, and their proposed materials to be sealed in their entirety.

## Argument

Good cause exists for maintaining under seal the confidential materials submitted by Defendants with the Opposition. Plaintiffs bring claims against Defendants for alleged copyright infringement on behalf of two putative classes of recording artists. ECF No. 95 ¶¶ 45-58; ECF No. 149 at 2-3. As such, discovery in this action has involved disclosure of Defendants' non-public and confidential business information, financial information concerning individual artists and sound recordings, and personal information concerning absent putative class members, some of which impacts Defendants' ongoing business relationships with these artists. Defendants rely upon certain of this confidential information in support of their Opposition, and due to its commercially sensitive and competitive nature, seek to seal the information through narrowly tailored redactions or, where appropriate, in its entirety. Good cause exists to do so.

---

[2] Exhibits 78-83 of the McMullan Declaration are excerpts of non-public and confidential agreements that Defendants produced in discovery with redactions pursuant to the parties' Stipulation and Order, which was entered by the Court on September 30, 2021. ECF No. 138 ¶ 1(c). The unredacted portions of these documents (which were produced by Defendants solely to demonstrate that the artists involved resolved their Section 203 claims) are nonetheless non-public, confidential, and reflect commercially sensitive business information, and Defendants seek to seal these documents in their entirety.

# SIDLEY

The Honorable Lewis A. Kaplan
May 27, 2022
Page 3

  First, the materials Defendants seek to seal meet the standard for protecting confidential information followed by courts in this Circuit. Courts consistently seal competitive business information, including non-public information concerning settlements, financial performance, and business practices and strategies. *See Kewazinga Corp. v. Microsoft Corp.*, No. 18-cv-4500, 2021 WL 1222122, *6 (S.D.N.Y. Mar. 31, 2021) (granting motion to seal confidential information, including information regarding settlements with third parties); *IBM v. Rodrigo Lima*, No. 20 Civ. 4573, 2020 WL 6048773, *1, *3 (S.D.N.Y. Oct. 13, 2020) (granting motion to seal hearing transcript that reflected IBM's "financial projections and performance" and "internal analyses and competitive strategies"); *Louis Vuitton Malletier S.A. v. Sunny Merchandise Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting motion to seal concerning redactions "limited to specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (internal citation omitted).

  Here, Defendants seek to seal certain information that appears in the Memorandum, the McMullan Declaration and certain exhibits attached thereto, the Harrington Declaration and the exhibits attached thereto, and the Blackburn Declaration because they contain non-public commercially sensitive business information, the disclosure of which would cause competitive harm to Defendants. McMullan Decl. ¶¶ 2-3. For example, among other information, Defendants seek to seal non-public information regarding business negotiations and settlement or other agreements between Defendants and their recording artists that, if released, would harm Defendants' ability to competitively negotiate contracts with artists presently and in the future. *See id.* ¶¶ 2-3. The materials that contain commercially sensitive business information that Defendants request the Court seal are set forth in Appendix A.

  Defendants also seek to seal Defendants' financial information specific to individual putative class members and sound recordings, including revenue amounts received by Defendants related to those sound recordings, artist royalty statements reflecting payments made to those artists, and licensing agreements and amounts, which, if publicly disclosed, would harm Defendants' ability to competitively negotiate contracts with artists and licensees, and would otherwise reveal non-public information about Defendants' financial performance to their competitors. McMullan Decl. ¶¶ 2-3. The materials that contain Defendants' financial information specific to individual artists and sound recordings that Defendants request the Court seal are set forth in Appendix A.

  Second, certain of the materials Defendants seek to seal contain sensitive information about absent putative class members and other artists that have not appeared in this litigation and thus have not consented to public disclosure of their personal information. Such materials include non-public contracts, records of payments and other artist-specific financial information,

# SIDLEY

The Honorable Lewis A. Kaplan
May 27, 2022
Page 4

and records of healthcare and retirement contributions, some of which reflect the artists' personally identifiable information. McMullan Decl. ¶ 2. As with the records described above, Defendants generally treat such contract, financial, and personal artist information as non-public and confidential; moreover, public disclosure of the artists' financial and personally identifiable information reflected in these records may harm the artists' interests and, in some instances, their ongoing business relationships with Defendants. *See* McMullan Decl. ¶ 4; *Gunderson v. Alta Devices, Inc.*, No. 19-cv-08017, 2021 WL 4461569, at *4 (N.D. Cal. Sept. 29, 2021) (sealing exhibits that contained personally identifiable information of class members); *Mendell v. Am. Med. Response, Inc.*, No. 19-cv-01227, 2021 WL 778624, at *4 (S.D. Cal. Mar. 1, 2021) (granting motion to seal putative class members' sensitive personal information). The materials relating to putative class members and other artists who have not appeared in this litigation that Defendants request the Court seal are set forth in Appendix A.

## Conclusion

For the foregoing reasons, Defendants respectfully request that the Court maintain under seal the portions of the Memorandum, the McMullan Declaration, the Harrington Declaration, and the Blackburn Declaration, and the exhibits attached to the McMullan Declaration, Harrington Declaration, and the Gilford Declaration, consistent with the proposed redactions and sealing submitted herewith.

Respectfully submitted,

*[signature]*

Rollin A. Ransom

*Counsel for Defendants UMG Recordings, Inc. and Capitol Records, LLC*

cc: Counsel of Record

Granted
SO ORDERED
*[signature]*
LEWIS A. KAPLAN, USDJ
10/5/23

# SIDLEY

The Honorable Lewis A. Kaplan
May 27, 2022
Page 5

## Appendix A

| Document(s) | Description of Portions Sealed or Redacted |
|---|---|
| Memorandum of Law in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification | The non-public information appearing on Pages 20-21, 22-23, 24, 27, 31, 34, 37-38, 39-40, and 43. |
| McMullan Declaration | The non-public information appearing on Pages 5-6, 20-21, and 28-44. |
| Exhibits 12, 15-23, 32-34, 40, 68-70, 72-73, to the McMullan Declaration | Non-public contracts, agreements, correspondence, and financial records relating to the named Plaintiffs but concerning third parties that contain financial, personally identifiable, and/or commercially sensitive business information. |
| Exhibits 78-83 to the McMullan Declaration | Non-public settlement agreements between Defendants and other artists that contain financial, personally identifiable, and/or commercially sensitive business information. |
| Exhibit 84 to the McMullan Declaration | Non-public exploitation agreement between Defendants and an artist that contains personally identifiable and/or commercially sensitive business information. |
| Exhibits 120-203 to the McMullan Declaration | Non-public contracts between Defendants' predecessors or their affiliates and putative class members or other artists that contain financial, personally identifiable, and/or commercially sensitive business information. |
| Exhibits 215-224 to the McMullan Declaration | Non-public records of health and pension contributions made by Defendants' predecessors or their affiliates relating to putative class members or other artists that contain financial, personally identifiable, and/or commercially sensitive business information. |

# SIDLEY

The Honorable Lewis A. Kaplan
May 27, 2022
Page 6

| Document(s) | Description of Portions Sealed or Redacted |
|---|---|
| Exhibits 225-226 to the McMullan Declaration | Non-public records of correspondence and/or negotiations between Defendants' predecessors or their affiliates and putative class members or other artists that contain financial, personally identifiable, and/or commercially sensitive business information. |
| Harrington Declaration | The non-public information appearing on Pages 1-10 (information relating to putative class members that contains financial, personally identifiable, and/or commercially sensitive business information) |
| Exhibits 1-25 to the Harrington Declaration | Non-public royalty statements relating to putative class members that contain financial, personally identifiable, and/or commercially sensitive business information. |
| Blackburn Declaration | The non-public information appearing on Pages 5-6, 9-10, and 16-17 (financial information specific to individual artists and sound recordings, including revenue amounts received by Defendants related to those sound recordings, artist royalty statements, and licensing agreements and amounts). |
| Exhibit A to the Gilford Declaration | The non-public information appearing in Paragraphs 20 and 21 of Exhibit A to the Gilford Declaration (information regarding putative class members that contains financial, personally identifiable, and/or commercially sensitive business information). |